**In re the Marriage of Zachary W. SOVERN, Appellant,**

v.

**Tracey L. SOVERN, Appellee.**

**No. 36A04–8710–CV–298.**

Court of Appeals of Indiana,
Fourth District.

March 22, 1989.

Rehearing Denied May 3, 1989.

---

Joseph K. Markel, Markel and Markel, Brownstown, for appellant.

Margarett S. Pardieck, Montgomery, Elsner & Pardieck, Seymour, for appellee.

MILLER, Judge.

Zachery W. Sovern appeals the property distribution and award of appellate attorney's fees in the decree dissolving his marriage to Tracey L. Sovern. He asserts the court erred in finding that (1) his parents who are nonparties to this action, hold two parcels of real estate to which they have record title—Zachery's and Tracey's home and Zachery's automobile body shop—in constructive trust for Tracey's and his benefit and (2) the value of these properties should be included in the marital estate. The court awarded Zachery the couple's interests in the home and shop and awarded Tracey cash to compensate her for her interests therein. Because the parents were not parties to the action, the court lacked the authority to impose a constructive trust over any properties titled to them. But, because the court's decree does not bind the nonparty parents or affect their interests in any way, we find the error to be harmless. Therefore, we affirm.

## ISSUES

Zachery raises four issues but three are variations of one basic complaint. Therefore, we restate and consolidate the issues as follows:

I. Whether the court committed reversible error by finding Zachery's parents, who were nonparties, hold the marital residence and body shop in constructive trust for the benefit of Zachery and Tracey and therefore, those properties should be included in the marital estate?

II. Whether the court erred in awarding Tracey $2,000.00 for appellate attorney fees?

## FACTS

Zachery and Tracey were married on September 25, 1982. Tracey filed to dissolve the childless marriage April 22, 1986. This dispute centers upon the division of

two parcels of real estate titled in Zachery's parents' names—Zachery's and Tracey's marital residence and Zachery's automobile body shop.

The evidence supporting the trial court's judgment reveals that Zachery and Tracey began construction of their home in 1982 before they married. Zachery obtained a location improvement permit from the local Plan Commission as the owner, although the land was titled in his parents' names. Both sets of parents helped with the project: Tracey's father is a carpenter. The construction was substantially completed before final separation at a cost of approximately $46,000.00. The fair market value of the home at the time of trial was $72,000.00. While both sets of parents and some other persons contributed money and various items in the construction of the home, most of the money required to construct the home was derived from Zachery's and Tracey's marital resources.

Zachery's parents were willing at all times during Zachery's and Tracey's marriage to deed the property to them. Tracey asked Zachery, both before and during the marriage, to have the real estate transferred to them jointly. Zachery told her he would take care of it but never did. Tracey and her father both relied on the representation that this conveyance would come about by investing both money and labor in the property.

Zachery continuously held Tracey and himself out as the owners of the property. The house was insured in both their names and their homeowners' policy reflects no insurable interest held by Zachery's parents. Zachery's parents have not asserted the couple made the improvements to the property as a gift to them.

The automobile body shop was constructed in 1977 by Zachery and his father on property owned by Zachery's father. Beginning in 1982, Zachery depreciated the shop on his federal income tax return. He maintained casualty insurance on the shop and the policy reflects that his father holds no insurable interest in the shop. Zachery expended marital resources during the marriage for the repair, maintenance, and improvement of the shop.

The court did not make specific findings concerning the valuation of the marital estate. Neither party requested such findings pursuant to Ind.Rules of Procedure. Trial Rule 52. However, the court after making findings that the parents held the properties in constructive trust, awarded Zachery the residence and the shop among a list described as "assets of the marriage." The court awarded Tracey, in addition to various articles of personal property, the lump sum of $38,500.00. We conclude, and the parties agree, the court included some value attributable to the home and shop in determining the value of the marital estate. Otherwise, the lump sum awarded Tracey would clearly exceed the value of the marital estate.

## DECISION

*I. Whether the imposition of a constructive trust over real estate titled to nonparties is reversible error?*

The trial court made the following conclusion of law:

The Court has considered that there must be a capital investment in property to be depreciated by a taxpayer and there must also be an insurable interest in property to be insured. Both the acts of Zachery W. Sovern and the testimony *indicates* that *the parents* do not claim ownership of the marital residence or the shop and *hold this property in constructive trust for the parties. Bare legal title alone does not eliminate either the property or the investment thereon from being a part of the marital estate to be considered by the Court in arriving at an equitable division.*[1]

1. We underscored the above language to emphasize the trial court's astute recognition that the divorcing couple held an equitable interest in the properties. However, for reasons noted later, the imposition of a constructive trust on nonparties is inappropriate. We note, in a similar case *in which the parents were joined as parties,* the Illinois Court of Appeals upheld the trial court's imposition of an equitable lien in favor of the wife upon the property, the order of

Improvements made to the real estate increasing the value of property are marital assets that may be considered by the Court regardless of how that property is titled. The value of tools used in the shop for the conduct of Zachery W. Sovern's business is also marital property and will be considered by this court. (emphasis added)

There may be some ambiguity as to whether the court intended to impose a constructive trust over both parcels of real estate or simply to include the value of the improvements made to real estate (the marital residence) and the tools of the body shop in determining the value of the marital estate. But, because the court ultimately awarded Zachery the residence and the shop (which the court denominated as marital assets), we must observe that the court's language might be construed as the imposition of a constructive trust which divests Zachery's parents of any interest they may have in the properties.

Our supreme court has held a divorce court to be without authority to relieve one spouse from the liability of a mortgage on the marital real estate when the mortgagee is not a party and does not consent to being divested of its interest. *Shula v. Shula* (1956), 235 Ind. 210, 132 N.E.2d 612; *Edwards v. Edwards* (1961), 132 Ind.App. 567, 177 N.E.2d 919.[2] However, these cases do not hold that such an error necessarily constitutes reversible error. Both *Shula* and *Edwards* were reversed and remanded for reasons in addition to the fact that the trial court purported to impair the rights of

a third party, the mortgagee, by releasing one of the spouses from the mortgage obligation.

We recognize that every person is entitled to an opportunity to be heard in a court of law upon a question involving his or her rights or interests before he or she is affected by any judicial decision on the question. The object of making a person a party to a legal proceeding is to enable him or her to be heard in the assertion of his or her rights, to preclude that person from again litigating them, and to enable the court to entertain the action. 59 Am Jur 2d, PARTIES Sec. 1. It is axiomatic that a divorce decree does not affect the rights of nonparties.

However, there is authority, with which we agree, which permits a divorce court to consider property titled to a third person as includable in the marital estate even though that person is not made a party to the action. In *Melny v. Melny* (1949), 90 Cal.App.2d 672, 203 P.2d 588[3] the nonparty son of the divorcing couple held title to a certain parcel of real property the court determined was includable in the marital estate. The husband purchased the property with marital funds, ran a business on the property, and his testimony (and that of his son) that the son had paid him for the property and he then rented it from the son lacked credibility. The trial court simply included the value of the property in the marital estate to determine the husband's ability to pay alimony. The Court of Appeals affirmed and held the dissolution de-

---

the husband's parents to perform an implied contract to pay their former daughter-in-law one-half of the reasonable value of the permanent improvements placed on the property and, upon their failure or refusal to do so, the order of the property sold to foreclose the former daughter-in-law's equitable lien. *Robinson v. Robinson* (1981), 100 Ill.App.3d 437, 57 Ill.Dec. 532, 429 N.E.2d 183.

**2.** However, there is no impropriety in entering a judgment of divorce directing one spouse to pay a mortgage and hold the other spouse harmless from the obligation because such a judgment does not affect the rights of the nonparty mortgagee. *Copeland v. Copeland* (1969), 145 Ind. App. 73, 248 N.E.2d 571. We see no *substantive* difference between the trial courts' judgments in

*Shula, Edwards,* and *Copeland* because, in *Shula* and *Edwards,* the trial court only purported to divest the nonparty mortgagee of its interest. Because the mortgagees were never made parties to the actions the trial court was without authority to impair their interests.

**3.** We note the following decisions have cited *Melny* with approval: *Derderian v. Derderian* (1985), 3 Conn.App. 522, 490 A.2d 1008 (*certification denied*); *Reilly v. Reilly* (1983), Wyo., 671 P.2d 330: *Merritt v. Merritt* (1978), Wyo., 586 P.2d 550; *Spencer v. Spencer* (1967), 252 Cal. App.2d 683, 60 Cal.Rptr. 747; *Carmichael v. Carmichael* (1963), 216 Cal.App.2d 674, 31 Cal. Rptr. 514. *Melny* was cited in 63 ALR3d 373 at 404 (Divorce–Third Parties' Claims).

cree was binding only upon the divorcing couple and did not affect or impair the rights of the son in the property. The court noted it would have been better practice to bring in the son as a party so all rights to the property could have been adjudicated. However, the son was not an indispensable party to his parents' divorce action and the trial court committed no error in considering the value of the real estate in question as marital property in effecting the distribution. The court noted further that the father could possibly be adversely affected by the decree if it were held in a later action between him and his son that the son owned the property; but, in this event, because the father had in his power the ability to join the son as a party to the dissolution action and elected not to do so, he would have no one to blame but himself.

■ We are impressed with the *Melny* decision and believe the trial court in the case at bar, *in substance,* effected a just distribution of Zachery's and Tracey's property rights without impairing the rights of nonparties. The trial court in the present case determined Zachery and Tracey had an interest in the two properties and awarded Zachery that interest. The court then determined and awarded Tracey an amount appropriate to compensate her for her respective interest.

The court had no authority to affect the interests of nonparties: Zachery's and Tracey's dissolution decree does not bind Zachery's parents. The trial court only adjudicated the rights of the divorcing couple. Zachery and his parents are left to determine for themselves their respective ownership rights in the two properties. If, in a later action, Zachery's parents are found to have significant ownership rights in the property to Zachery's detriment, Zachery has no one to blame but himself because he could have joined his parents in the divorce action but chose not to do so. The court's

finding that the evidence indicates Zachery's parents held the properties in constructive trust, which some might interpret as an attempt to divest the parents from their interests therein, was mere surplusage and therefore only harmless error.

## II. Whether the award of appellate attorney fees was appropriate?

The trial court awarded Tracey $2,000.00 for attorney fees payable at the time Zachery filed his appeal. Zachery asserts there was no evidence to support the award and therefore the court, under the authority of *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172, was required to conduct an evidentiary hearing to determine the propriety of an award of attorney's fees.[4]

In *Barnett,* the trial court ordered the wife to pay the husband's appellate attorney fees. The only evidence in the original record showed the wife was unemployed without assets and the husband was gainfully employed and had substantial assets. We held the trial court's award of attorney fees was an abuse of discretion because the court conducted no evidentiary hearing and based its decision solely upon the husband's petition alleging the wife's appeal was malicious. There was no indication that the court considered, or could have under the state of the record, the economic circumstances of the parties.

■ Under *Ind.Code* 31-1-11.5-16(a) (Supp.1988), the trial court may award attorney fees at any stage of the dissolution proceeding including appellate fees. However, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other factors as bear on the reasonableness of the award. *Barnett, supra.*

■ However, as in *Wagner v. Wagner* (1986), Ind.App., 491 N.E.2d 549, where the

---

**4.** We note at the outset Zachery does not attack the reasonableness of the award; he only argues the court failed to consider the economic conditions of the parties and their financial ability to pay. Because he has not challenged the reasonableness of the amount of the award on appeal,

which he had a right to do based on the lack of evidence, he is forclosed from litigating that issue and is bound by the amount of the award. *Templeton v. Sam Klain & Son, Inc.* (1981), Ind., 425 N.E.2d 89.

trial court awarded the wife appellate fees after the appeal was perfected, the record in the case at bar reveals the trial court had evidence before it with regard to these factors. Obviously, the trial court had recently heard copious evidence at the final dissolution hearing and was well acquainted with the parties' relative financial conditions. The fee award was not against the logic and effects of the facts and circumstances before the court, and was not an abuse of discretion.

Therefore, we affirm.

CONOVER, P.J., and HOFFMAN, J., concur.