**P.B., Appellant
(Husband/Respondent Below),**

v.

**T.D., Appellee (Wife/Petitioner Below).**

No. 20A03–8903–CV–97.

Court of Appeals of Indiana,
Third District.

Oct. 10, 1989.

Rehearing Denied Dec. 5, 1989.

John R. Frechette, Elkhart, for appellant.

Edward J. Chester, Elkhart, for appellee.

HOFFMAN, Judge.

Respondent-appellant P.B. appeals the trial court's decision granting petitioner's Motion to Dismiss P.B.'s Motion to Enforce the Order of the Court of Appeals.

The facts relevant to this appeal disclose that T.D. filed a Petition for Change of Custody in October 1984. A bench trial was held in May 1985 after which T.D. was granted change of custody and her attorney's fees in the amount of $4,500.00. P.B. paid the principal judgment and the interest.

On March 16, 1987, the Court of Appeals reversed the superior court's judgment for lack of jurisdiction. *P.B. v. T.D.* (1987),

Ind.App., 504 N.E.2d 1042. In the opinion on petition for rehearing, the Court of Appeals specifically reversed the trial court's award of attorney's fees. *P.B. v. T.D.* (1987), Ind.App., 507 N.E.2d 992.

T.D. filed a second Petition for Change of Custody. The case was transferred to Elkhart Circuit Court upon P.B.'s petition. P.B. then filed a petition to enforce the order of the Court which requested the court to order T.D. to immediately refund the attorney's fees paid, plus interest. The court granted T.D.'s Motion to Dismiss P.B.'s petition.

The first issue is dispositive of this appeal: whether the trial court erred by not ordering T.D. to refund the $4,500.00 attorney's fee.

■ Where the grounds for dismissal are not stated in the trial court's entry of judgment, the appellate court must assume that all grounds stated by the moving party supported dismissal. *Ind. & Mich. Elec. Co. v. Terre Haute Indus.* (1984), Ind.App., 467 N.E.2d 37, 40.

■ The standard of review for a motion to dismiss is the same as for a motion for summary judgment, *i.e.*, whether the trial court erred in its application of law. *Ind. & Mich. Elec. Co., supra,* 467 N.E.2d at 42.

The relevant part of the trial court's order on June 10, 1985 read as follows:

"Court having further found that the wife has incurred substantial attorney's fees and further being of the opinion that having admitted four acts of abuse, each of which is classified under the Criminal Code as child molesting, that the husband's position that he is entitled to remain as the custodial parent is totally without merit and completely untenable and as a result of his position unnecessarily required the wife to expend funds pursuant to her petition and *that a reasonable fee for the wife's attorney is the sum of $4,500.00 and the Court now enters a judgment for attorney's fees in favor of the wife's attorney in the amount of $4,500.00.*"

The trial court's order specifically made an award of attorney's fees to the wife's attorney. The applicable statute upholding this award is IND. CODE § 31–1–11.5–16 (1988 Ed.), which reads:

"(a) The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name."

■ The court in *Budnick v. Budnick* (1980), Ind.App., 413 N.E.2d 1023, 1026, interpreted this statute as creating a cause of action in favor of an attorney to whom fees have been awarded. Just as the award creates a cause of action in favor of the attorney, a claimant seeking refund of these fees must directly pursue the attorney who holds the award. P.B. obviously recognized that the award had been specifically made to T.D.'s attorney instead of T.D. since he paid the fees directly to T.D.'s attorney.

■ Appellee argues that the doctrine of res judicata operates to preclude P.B. from bringing another action to recover the $4,500.00 in attorney's fees. Appellee's argument is unfounded.

Appellee correctly cites *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 585, 364 N.E.2d 1024, 1033, for the elements required for the application of the doctrine of res judicata:

" 'The basic elements of res adjudicata are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits.... ' "

However, T.D.'s attorney is not a party to this action. A subsequent action filed

by appellant would no doubt involve T.D.'s attorney as a party to the action, which would not fulfill requirement (3) for res judicata.

The doctrine of claim preclusion does act "as a complete bar to a subsequent action on the same claim between the same parties or those in privity with them." *Coulson v. State* (1986), Ind.App., 488 N.E.2d 1154, 1156. However, contrary to the assertion of appellee that T.D.'s attorney is in privity with appellee, they are not in privity with each other.

Affirmed.

STATON and MILLER, JJ., concur.