P.B. Appellant (Respondent Below)

v.

T.D. Appellee (Petitioner Below).

No. 20S03–9010–CV–681.

Supreme Court of Indiana.

Oct. 24, 1990.

John R. Frechette, Elkhart, for appellant.

Edward J. Chester, Elkhart, for appellee.

SHEPARD, Chief Justice.

When a dissolution court orders one party to pay fees to the other's attorney, the fees are then paid, and the fee award reversed on appeal, must the party seeking reimbursement file a separate action against the lawyer? We hold that the party seeking reimbursement need not start a second lawsuit to collect what is due. That party may ask the dissolution court to order reimbursement directly from the former spouse.

When P.B. (husband) and T.D. (wife) were divorced in 1979, their two children were placed in the custody of their father. In 1984, T.D. filed a petition seeking to have custody of the children granted to her. The court awarded her custody and ordered P.B. to pay her attorney $4500. The trial court's order stated in pertinent part:

> Court having further found that the wife has incurred substantial attorney's fees and further being of the opinion that having admitted four acts of abuse, each of which is classified under the Criminal Code as child molesting, that the husband's position that he is entitled to remain as the custodial parent is totally without merit and completely untenable and as a result of his position unnecessarily required the wife to expend funds pursuant to her petition and that a reasonable fee for the wife's attorney is the sum of $4,500.00 and the *Court now enters a judgment for attorney's fees in favor of the wife's attorney in the amount of $4,500.00.*

*P.B. v. T.D.* (1989), Ind.App., 544 N.E.2d 558, 559 (emphasis altered) (quoting trial court order).

Husband paid the attorney's fees as ordered to wife's counsel pursuant to Ind. Code § 31–1–11.5–16 (West Supp.1990). On March 16, 1987, the Court of Appeals reversed the dissolution court's judgment for lack of jurisdiction. It held that because a CHINS proceeding was pending in a juvenile court, the dissolution court did not have jurisdiction to hear the custody petition. *P.B. v. T.D.* (1987), Ind.App., 504 N.E.2d 1042. On rehearing, the Court of Appeals specifically reversed the trial court's award of fees to the wife's attorney. *P.B. v. T.D.* (1987), Ind.App., 507 N.E.2d 992, 993.

Wife returned to the dissolution court once the CHINS action terminated and filed a new petition for change of custody. Husband then filed a petition to enforce the Court of Appeals' decision reversing the award of attorney's fees. He asked the court to order his ex-wife to refund to him the money he paid to her attorney. Wife's counsel moved to dismiss husband's petition, arguing that the award was in his favor, not the wife's, and that he was not a party to the dissolution action. The trial court granted the motion to dismiss.

On appeal from this dismissal, the Court of Appeals affirmed. It held that a claimant seeking a refund of court-awarded attorney's fees must directly pursue the attorney to whom the fees were awarded. *P.B. v. T.D.*, 544 N.E.2d at 558. We grant transfer. Whether P.B. may seek a refund from his former wife in the dissolution court or must commence a separate action is a question resolved by reference to our dissolution law. The pertinent section of the dissolution of marriage act, provides:

(a) The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name.

Ind.Code § 31–1–11.5–16 (West Supp.1990).

Courts do not interpret a statute which is clear and unambiguous on its face. "Where a statute is susceptible to more than one interpretation, however, the court may consider the consequences of a particular construction." *Flynn v. Klineman* (1980), Ind.App., 403 N.E.2d 1117, 1121. Our objective in statutory construction is to determine and effect the intent of the legislature. In interpreting statutes, we attempt to prevent absurdity and hardship and to advance the public convenience. *Walton v. State* (1980), 272 Ind. 398, 398 N.E.2d 667.

The Court of Appeals read this statute as being clear and unambiguous. Because the trial court specifically made the award of attorney's fees payable to the wife's attorney and because the attorney can enforce the award in his own name, the Court of Appeals reasoned that a refund of fees must then be obtained by pursuing the attorney holding the award. *P.B. v. T.D.*, 544 N.E.2d at 559. There is symmetry to this analysis, but it presses the logic of the statute too hard.

The statute permitting the award of attorney's fees serves to insure equal access to the courts despite the relative financial conditions of the parties. *See Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172, 1176. Indiana's dissolution of marriage act is based on the Uniform Marriage and Divorce Act approved by the National Conference of Commissioners on Uniform State Laws. Producing a simple procedure and eliminating the old "forms of action" approach to divorce law were among the earliest objectives in drafting the uniform act.[1] When the Act was approved in 1970, the commissioners adopted a prefatory note explaining: "Throughout the Act an effort has been made to reduce the adversary trappings of marital litigation." Unif. Marriage and Divorce Act, Prefatory Note, 9A U.L.A. 147, 149 (1987).

---

1. Brown & Hellring, *Report of Special Committee on Uniform Divorce and Marriage Laws,* Handbook Conf. Comm'rs on Uniform St. Laws 181, 182–83 (1965).

Permitting the attorney to collect his fees in his own name is consistent with this Act's policy of simplicity. The Illinois Court of Appeals, interpreting a statute similar to our law [2], has declared that the purpose of awarding attorney's fees is to "promote judicial economy by eliminating the need for an attorney to bring a separate suit to collect fees from his client." *In re Marriage of Baltzer*, 150 Ill.App.3d 890, 895, 104 Ill.Dec. 196, 200, 502 N.E.2d 459, 463 (1986); *accord In re Marriage of Pitulla*, 141 Ill.App.3d 956, 961, 96 Ill.Dec. 276, 279, 491 N.E.2d 90, 93 (1986). It reduces the number of transactions necessary to accomplish a simple award of fees.

Similarly, permitting the husband to seek reimbursement from the wife under circumstances like the ones in this case saves everyone time and money. Whether the husband gets reimbursed by the attorney and the attorney collects from the wife or the husband collects directly from the wife, the result would be the same. The wife still will have paid $4500. No benefit is derived from two causes of action when one would suffice.

■ When a party to an action pays a judgment that is later reversed on appeal, that party is entitled to restitution. *Thompson v. Reasoner* (1890), 122 Ind. 454, 24 N.E. 223. As we noted in *Thompson*, one who received any benefit from the judgment must make as full restitution to the claimant as the circumstances permit. In this case, it was the wife who received the primary benefit of the trial court's order for fees. When that order is reversed,

it is appropriate to look to her for reimbursement.[3]

The trial court's dismissal of P.B.'s petition seeking reimbursement is reversed. We remand the cause for further proceedings on that petition.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

---

2. The Illinois Marriage and Dissolution of Marriage Act provides in pertinent part:

   (a) [t]he court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by the other spouse....

   ....

   (c) The court may order that the award of attorney's fees and costs hereunder shall be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party.
   Ill.Ann.Stat. ch. 40, para. 508(a) & (c) (Smith–Hurd Supp.1990).

3. Whether the husband could have sought reimbursement from the wife's lawyer in the dissolution proceeding is not presented by the facts of this case. Our traditional view of the effect of an appellate court stating that the trial court's "judgment is reversed" is that it vacates and nullifies the trial court's judgment and any orders based upon it. A reversal should return the parties to the positions they occupied prior to the trial court's judgment. *Hunter v. Hunter* (1973), 156 Ind.App. 187, 188, 295 N.E.2d 834, 835.