**Nicole B. SELKE, Appellant (Respondent Below),**

v.

**Donald L. SELKE, Appellee (Petitioner Below).**

No. 01A04–9004–CV–199.

Court of Appeals of Indiana, Fourth District.

April 16, 1991.

Rehearing Denied May 30, 1991.

Donald K. McClellan, McClellan McClellan Brooke & Arnold, Muncie, for appellant.

Robert G. Forbes, Forcum and Forbes, Hartford City, for appellee.

CHEZEM, Judge.

*Case Summary*

Respondent–Appellant, Nicole B. Selke (Nicole), appeals from the denial of her Petition to Set Aside Property Settlement Agreement on the Basis of Fraud (Petition). We reverse.

*Issues*

Nicole presents two (2) issues for our review, which we restate as follows:

I. Whether the trial court erred in finding there was no fraud to set aside the Property Settlement Agreement.

II. Whether the trial court abused its discretion in ordering Nicole to pay the attorney fees incurred by Petitioner–Appellee, Donald L. Selke (Donald), in defending against the Petition.

*Facts and Procedural History*

On February 1, 1989, Donald filed his Petition for Dissolution of Marriage. He was represented by attorney James S. Forcum. Nicole was not represented by counsel in the dissolution proceedings, but later indicated that she believed her attorney was Forcum. At the hearing on the Petition, she testified that Donald told her that Forcum "would represent us both" in the divorce.

On February 3, 1989, the parties entered into a Child Custody, Support, and Property Settlement Agreement (Agreement). According to its terms, Donald received possession and ownership of "[a]ll pension rights through his employment with Hartford Concrete Products, Inc."

The final hearing was held on April 10, 1989. Donald appeared with his attorney, Forcum. Nicole did not appear, but filed a document stating that she "consent[ed] to the Court conducting said hearing in my absence based upon the adoption, without modification, of [the Agreement]." The court approved the Agreement, stating as follows:

[T]he Court having seen and inspected said [Agreement], and being duly advised in the premises, now finds that the said Agreement and Addendum thereto are

fair and equitable, have been entered into without fraud, duress, or undue influence, without any threats or promises, and said [Agreement is] hereby in all things ratified, confirmed, and approved.

Several months later, Nicole had a discussion with William E. Schantz (President of Hartford Concrete). The discussion focused in part on Donald's pension or profit sharing plan with Hartford Concrete. Schantz then advised Nicole "to get an attorney."

On October 12, 1989, Nicole filed her Petition to Set Aside Property Settlement Agreement on the Basis of Fraud. She alleged that Donald did not disclose the value of the profit sharing plan, or that she had any right to it, before the final hearing at which their marriage was dissolved. In response, Donald filed his Motion for Summary Dismissal of [Nicole's] Petition, along with a Petition for Attorneys [sic] Fees and Costs.

The court then held a hearing on the Petition. The testimony and exhibits indicated the profit sharing plan was worth $63,572.90. In addition, the testimony indicated that Nicole never asked Donald about the plan's value, and that Donald never provided such information to Nicole. The court took the matter under advisement, and then denied the Petition on February 13, 1990. The court also ordered Nicole to pay the attorney fees incurred by Donald in defending against her Petition.

Other facts will be added as needed.

### Discussion and Decision

#### I

Nicole first argues that "[t]he trial court errored [sic] in finding no fraud on the part of Donald ... for his failure to disclose the value of his Profit Sharing Plan." In particular, Nicole claims they each had a duty "to fully disclose the assets of the marriage," and Donald's failure to do so amounts to "constructive fraud." We agree.

We first note that property settlement agreements in dissolution of marriage cases are encouraged in Indiana. "The public policy of this state favors the amicable settlement by written agreement of the property rights of those citizens who are having their marriages dissolved." *Atkins v. Atkins* (1989), Ind.App., 534 N.E.2d 760, 762, *reh. denied, trans. denied.* The statute pertaining to these agreements is Ind.Code 31–1–11.5–10, which states:

(a) To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to provisions for the maintenance of either of them, the disposition of any property owned by either or both of them and the custody and support of their children.

■ In addition, there should be "full disclosure" by the parties when they negotiate and execute property settlement agreements. The parties should disclose the information they have with respect to their property and its value, especially where one party is not represented by counsel. Otherwise, the agreement may be set aside for fraud. As noted in *Stockton v. Stockton* (1982), Ind.App., 435 N.E.2d 586, 589, a property settlement agreement may be set aside where the record demonstrates "some unfairness, unreasonableness, manifest inequity in the terms of the agreement, or that the execution of the agreement was procured through fraud, misrepresentation, coercion, duress, or lack of full disclosure." *See also, Estate of Stack v. Venzke* (1985), Ind.App., 485 N.E.2d 907, 910–911, *reh. denied, trans. denied.*

■ In the present case, the testimony clearly shows that Donald failed to disclose the value of his pension plan to Nicole when they negotiated the terms of the Property Settlement Agreement. In his brief, Donald states that he did not disclose the pension's value to Nicole because "he did not know its precise value at the time of their negotiations." But he knew its value for the year prior to their divorce, as evidenced by the following colloquy:

Q: And the time you separated and started these divorce proceedings you knew how much was in there, didn't you?

A: I knew what was in the previous year approximately.

Q: And how much was that?

A: In the neighborhood of $50,000.

\* \* \* \* \* \*

Q: Never disclosed to your wife how much was in your profit-sharing plan, did you?

A: No.

Without question, disclosure of such information in this case would have furthered our state's policy of promoting the amicable settlement of disputes between parties getting divorced. Had this information been provided to Nicole, there would be no merit to the fraud claim in her Petition. The matter would have been resolved amicably, and this litigation would have been precluded.

We hold the trial court erred in finding there was no fraud to set aside the Property Settlement Agreement. The parties had a duty to disclose what information they had with respect to their property and its value. Donald's failure to do so amounts to constructive fraud.

## II

Nicole next argues that the trial court abused its discretion in ordering her to pay Donald's attorney fees incurred in defending against her Petition. We agree.

The statute pertaining to attorney fees in marriage dissolution actions is I.C. 31–1–11.5–16, and it states as follows:

(a) The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name.

Of course, the trial courts have broad discretion in awarding attorney fees in marriage dissolution actions. *Rump v. Rump* (1988), Ind.App., 526 N.E.2d 1045,

1047, *trans. denied.* We will disturb such an award only when a party demonstrates a clear abuse of discretion. *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696, 703. Reversal is warranted only when the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *Id.; Johnson v. Johnson* (1979), 180 Ind.App. 533, 389 N.E.2d 719, 722.

Moreover, when making an award of attorney fees, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other factors as bear on the reasonableness of the award. *Sovern v. Sovern* (1989), Ind.App., 535 N.E.2d 563, 567, *reh. denied; Planert v. Planert* (1985), Ind.App., 478 N.E.2d 1251, 1254.

The record in this case shows that the trial court abused its discretion in awarding attorney fees to Donald. Nicole was a high school graduate with an annual income of $11,000. On the other hand, Donald had an engineering degree from Purdue University, and had been employed as Chief Engineer with Hartford Concrete making approximately $50,000 per year. Under these particular facts and circumstances, we hold the trial court erred in ordering Nicole to pay the $2,083.25 in attorney fees incurred by Donald.

Reversed.

RATLIFF, C.J., and CONOVER, J., concur.