William H. BEESON, Appellant
(Respondent),

v.

Debra Ann (Beeson) CHRISTIAN,
Appellee (Petitioner).

No. 29A02–9105–CV–227.

Court of Appeals of Indiana,
Second District.

Nov. 14, 1991.

Michael J. Andreoli, Donaldson, Andreoli & Truitt, Lebanon, Michael A. Howard,

Pearce & Howard, Noblesville, for appellant.

Douglas D. Church, Church Church Hittle & Antrim, Noblesville, T. Reg Hesselgrave, Steckbeck & Moore, Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, Judge.

Respondent-appellant William Beeson (William) appeals from the trial court's award of appellate attorney's fees to his former wife, petitioner-appellee Debra Christian (Debra), claiming the trial court abused its discretion.

We reverse.

## FACTS

The facts most favorable to the trial court's decision reveal that parties' marriage was dissolved on October 26, 1987. Debra appealed the trial court's order concerning child support, spousal maintenance, the award of attorney's fees, and visitation. Debra also requested appellate attorney's fees. We affirmed the trial court's decision and remanded Debra's request for appellate attorney's fees. *Beeson v. Beeson* (1989), Ind.App., 538 N.E.2d 293.

Over a year after our decision, Debra filed a petition for appellate attorney's fees with the trial court. The trial court conducted a hearing on Debra's petition on January 25, 1991. At the hearing, the trial court took judicial notice of our appellate decision. Debra's attorney also testified concerning his charges. On cross-examination, Debra's attorney admitted that the arrangement he had made with Debra provided that she would not have to pay any appellate attorney's fees if the court did not order William to pay them. On January 28, 1991, the trial court entered its order awarding Debra's attorney $5000.

## ISSUE

Whether the trial court abused its discretion when it ordered William to pay appellate attorney's fees?

## DECISION

*PARTIES'       CONTENTIONS*—William claims that because Debra's attorney admitted she was not obligated to pay appellate attorney's fees, the trial court abused its discretion when it ordered him to pay those fees. Debra responds that the facts support the award of attorney's fees.

*CONCLUSION*—The trial court abused its discretion.

█ The trial court is authorized to award reasonable attorney's fees by Ind. Code 31–1–11.5–16 (1988). An award may include appellate attorney's fees as well. *Sovern v. Sovern* (1989), Ind.App., 535 N.E.2d 563. We review an award of attorney's fees only for an abuse of discretion, and we will reverse only if the decision is contrary to the logic and effect of the facts and circumstances before the court. *Fish v. Clore* (1991), Ind.App., 570 N.E.2d 1347; *Selke v. Selke* (1991), Ind.App., 569 N.E.2d 724.

█ It has long been determined that when considering an award of attorney's fees, the trial court must consider the factors that bear on the reasonableness of the award. *Fish, supra; Selke, supra; Sovern, supra; Baker v. Baker* (1986), Ind.App., 488 N.E.2d 361; *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172.

Our Supreme Court recently addressed the reasoning supporting the statute authorizing an award of attorney's fees in dissolution proceedings. In *P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, the Supreme Court articulated that the statute serves to insure equal access to the courts despite the relative financial conditions of the parties. In *P.B.*, the Court allowed a husband to recover from his ex-wife the attorney's fees paid directly to his ex-wife's attorney after the award had been reversed on appeal. In rejecting the wife's argument that the husband should be required to bring suit against the attorney directly, the Supreme Court said: "Whether the husband gets reimbursed by the attorney and the attorney collects from the wife or the husband collects directly from the wife, the result would be the same. The wife *still will*

*have paid* $4500." *Id.* at 751 (emphasis supplied).

█ While the Supreme Court observed that the statute allowed for the award of fees directly to the attorney to further the statute's policy of simplicity, the Supreme Court clearly contemplated that the payment of attorney's fees is for the *party's* benefit.

During the cross-examination of Debra's attorney at the fee hearing, the following exchange occurred:

"Q You're not going to bill her depending on what happens in this particular case?

A I'm not. That's correct.

Q And that was an agreement that you'd worked out with her?

A That's correct.

Q You would appeal the case and if you were unsuccessful or even if you were successful you weren't going to bill her to the extent she couldn't get any money back from Dr. Beeson?

A That's correct.

Q I take it she is not going to be out any money one way or the other in this particular matter?

A That's right."

*Record* at 26.

So any need for appellate attorney's fees is illusory. It is inconsistent with the purpose of the statute to order one party to pay attorney's fees that do not exist. Thus, we conclude that the trial court abused its discretion when it ordered William to pay appellate attorney's fees.

Judgment reversed.

ROBERTSON, J., concurs.

SULLIVAN J., concurs with opinion.

SULLIVAN Judge, concurring.

Given the accomplished fact of the award of attorney fees made pursuant to our earlier remand, I concur in the majority's decision to reverse that award and I agree that a basis for doing so is as stated in the majority opinion.

However, because it was my view that we should not have remanded the matter to the trial court in the first instance, that view provides me another reason to concur in the reversal. *See Beeson v. Beeson* (1989) 2nd Dist. Ind.App., 538 N.E.2d 293 (Sullivan J. dissenting).