**William H. BEESON, Appellant,**
**(Respondent Below),**

v.

**Debra Ann (Beeson) CHRISTIAN,**
**Appellee. (Petitioner Below).**

No. 29S02-9206-CV-495.

Supreme Court of Indiana.

June 25, 1992.

Michael J. Andreoli, Donaldson, Andreoli & Truitt, Lebanon, Michael A. Howard, Pearce & Howard, Noblesville, for appellant.

Douglas D. Church, Church Church Hittle & Antrim, Noblesville, T. Reg Hesselgrave, Steckbeck & Moore, Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Debra Ann Beeson Christian (Appellee–Petitioner below) seeks transfer after the Court of Appeals reversed the trial court's award of appellate attorney fees to Christian and against Beeson in connection with Christian's appeal from an order in a dissolution of marriage proceeding. *Beeson v. Christian* (1991), Ind.App., 580 N.E.2d 988. The sole issue presented is whether the trial court abused its discretion when it ordered Beeson to pay Christian's appellate attorney fees, even though Christian was not legally obligated to pay those fees.

The facts relevant to resolution of this matter are as follows. The parties' marriage was dissolved in 1987. Christian appealed the 1987 trial court order, in part, on the issue of appellate attorney fees. The Court of Appeals remanded that portion of Christian's appeal to the trial court for further proceedings. *Beeson v. Beeson* (1989), Ind.App., 538 N.E.2d 293. After remand, Christian filed a petition for appellate attorney fees with the trial court. At the hearing on that petition, Christian's attorney gave the following testimony:

Q  You're not going to bill her depending on what happens in this particular case?

A  I'm not. That's correct.

Q  And that was an agreement that you'd worked out with her?

A  That's correct.

Q  You would appeal the case and if you were unsuccessful or even if you were successful you weren't going to bill her to the extent she couldn't get any money back from Dr. Beeson?

A  That's correct.

Q  I take it she is not going to be out any money one way or the other in this particular matter?

A  That's right.

The trial court entered its order awarding Christian's attorney $5,000 in appellate attorney fees pursuant to *Ind.Code* § 31–1–11.5–16 (West Supp.1990). Beeson appealed on the grounds that the trial court abused its discretion because appellate attorney fees could not be awarded unless Christian were legally obligated to pay those fees. The Court of Appeals agreed with Beeson and reversed the award of

appellate attorney fees. 580 N.E.2d 988. The court reasoned that because Christian's attorney admitted that Christian was not obligated to pay any fees for the appeal, "any need for appellate attorney fees is illusory," and that it would be "inconsistent with the purpose of the statute to order a party to pay attorney fees that do not exist." 580 N.E.2d at 989. Christian seeks transfer from that decision.

■ Ind.Code § 31–1–11.5–16 allows the trial court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in connection with the marriage dissolution. This includes the award of reasonable appellate attorney fees. *Sovern v. Sovern* (1989), Ind.App., 535 N.E.2d 563, 567. By providing for the award of attorney fees in dissolution actions, the legislature has deemed it appropriate that a party, who otherwise could not afford an attorney in connection with dissolution proceedings, have access to an attorney's services by providing that the other party is responsible for paying the attorney fees. As this Court stated in *P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, 750, "[t]he statute permitting the award of attorney fees serves to insure equal access to the courts despite the relative financial conditions of the parties." That public policy would be undermined if we were to hold that a party must be personally obligated to pay attorney fees before the trial court could order the other party to pay those fees. Such a policy might, in some circumstances, effectively eliminate the right to appeal in dissolution proceedings. This Court will not force a party in a dissolution action to choose between foregoing legal action or obligating that party to a fee agreement which such party could not meet.

This situation is analogous to some *pro bono* arrangements where an attorney agrees to represent a client and to accept a fee only if one is awarded by the trial court and paid by the other side. As here, the client is never legally obligated to pay the fee, and the attorney is paid only if the trial court awards a fee. Such an arrangement supports the process of allowing access to the courts to those with limited means.

We, therefore, conclude that the trial court did not abuse its discretion in awarding the fees in this case.

*Conclusion*

We now grant transfer, vacate the opinion of the Court of Appeals, and affirm the trial court.

SHEPARD, C.J., GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents, without separate opinion.