In re the COMMITMENT OF T.J.

No. 41A01–9210–CV–340.

Court of Appeals of Indiana, First District.

May 17, 1993.

Linley E. Pearson, Atty. Gen., Kirk A. Knoll, Deputy Atty. Gen., Indianapolis, for appellant.

1. The Department of Mental Health was re-
placed by the Division of Mental Health in 1992.

Stephen L. Huddleston, David A. Den-slaw, Andrea K. McCord, Hass & Denslaw, Franklin, for appellee.

ROBERTSON, Judge.

The Indiana Division of Mental Health [Division] appeals the trial court's order that the Division assume all financial responsibility for the care and maintenance of T.J., the minor child who was involuntarily committed in the present case. We reverse.

## FACTS

The operative facts are undisputed. The Division does not challenge the merits of the underlying involuntary commitment proceedings. The Division's appeal pertains only to the trial court's order that the Division assume all financial responsibility for T.J.'s care, maintenance, and education.

On April 27, 1992, the petition for the involuntary commitment of T.J., a sixteen (16) year-old girl, was filed. T.J.'s mother was the petitioner in these proceedings. The Division was neither named as a party to this action or served with process.

On April 28, 1992, the trial court ordered that T.J. be detained at Arbor Hospital and set an evidentiary hearing for April 30, 1992. Also, the trial court appointed an attorney to represent T.J. and appointed another attorney to represent T.J.'s mother.

On May 12, 1992, the trial court issued an order of commitment of T.J. finding that T.J. was mentally ill and suicidal. The trial court also entered the following order which is challenged by the Division (pertinent part only):

It is further ORDERED the Commissioner of Indiana Department of Mental Health[1] shall assume all financial responsibility for the care and maintenance of [T.J.] and that the Commissioner be responsible for [T.J.'s] educational needs as provided by law.

Ind.Code 12–21–1–1.

The trial court directed that a copy of its May 12 order be sent to the Division by certified mail. At this point, the attorney general entered an appearance in this action on behalf of the Division and challenged the trial court's authority to order that the Division be financially responsible for T.J.

On June 19, 1992, the Superintendent of Arbor Hospital requested authorization to transfer T.J. to Jefferson Hospital. The trial court held a hearing on this matter at which Arbor Hospital appeared by counsel, T.J. appeared in person and by counsel, and T.J.'s mother appeared in person and by counsel. On June 30, 1992, the trial court entered the following order (pertinent part only):

> The State of Indiana Department of Mental Health has wholly failed to abide by the Court's Order of May 12, 1992. The Court reiterates and incorporates herein the May 12, 1992 Commitment Order. The Court specifically Orders the Department of Mental Health [sic] is solely responsible for the care, education and cost of treatment for the child.

. In this appeal, the Appellant's brief was submitted by the Attorney General. Two (2) Appellee's briefs have been submitted: one on behalf of the the Johnson County Department of Public Welfare and another on the behalf of T.J.'s mother.

## DECISION

### I.

### JURISDICTION OVER THE PARTICULAR CASE

■ The Division challenges the order in question asserting that the trial court lacked jurisdiction over the Division because the Division was not named as a party or served with process. The briefs of both appellees assert, in effect, that the trial court's order merely directed the Division to perform its statutory duties. Appellee Johnson County Department of Welfare would appear to concede that it would have been more appropriate for the challenged order to have been the product of an action in mandate brought pursuant to

Ind.Code 34–1–58–2. (Appellee Johnson County Department of Welfare brief p. 12.)

We agree that an action in mandate would have been the appropriate procedure to employ under the present circumstances. I.C. 34–1–58–2; *Indiana Dept. of Mental Health v. State* (1984), Ind.App., 467 N.E.2d 1256, *trans. denied.* An action in mandate will lie to compel the Department of Mental Health [the Division] to perform a duty prescribed by law. *Id.* Had the correct procedure been employed, the Division would have been named a party, provided with summons, and would have had an opportunity to be heard before the order in question was entered against it. I.C. 34–1–58–3.

We agree with the Division that the failure to name it as a party in the present action deprived the trial court of jurisdiction over this particular case. *Harp v. Indiana Department of Highways* (1992), Ind.App., 585 N.E.2d 652. When a trial court lacks jurisdiction over the particular case, the judgment is voidable upon the proper and timely objection to the court's exercise of jurisdiction. *Id.*

In the present case, the Division entered an appearance and objected to the trial court's assertion of jurisdiction soon after it learned that the trial court ordered it to be financially responsible for T.J.'s expenses. We hold that, under the circumstances, the Division's objection to the trial court's assertion of jurisdiction in this case was sufficiently specific and timely. *See id.* Moreover, it is axiomatic that a trial court lacks authority to affect the rights of nonparties. *Sovern v. Sovern* (1989), Ind. App., 535 N.E.2d 563.

The Division was not named as a party to the present action. Therefore, the trial court lacked jurisdiction over the particular case and was without authority to enter an order adverse to the Division. We must reverse.

### II.

### STATUTORY AUTHORITY

In the interests of ultimately conserving legal and judicial resources, we will ad-

dress the merits of this case despite our resolution of this case under Issue I. The Division argues the trial court lacked statutory authority to order the Division to assume financial responsibility for T.J.'s medical and educational needs.

■ Pending admission to a state institution, the responsibility for an involuntarily committed patient's care is governed by Ind.Code 12–26–10–1 *et seq.* Indiana Code 12–26–10–4 reads:

If the comfort and the care of an individual are not otherwise provided:

(1) from the individual's estate;

(2) by the individual's relatives or friends; or

(3) through financial assistance from the division of family and children or a county department;

the court may order the assistance furnished and paid for out of the general fund of the county.

The Division is not one of the several parties contemplated by the statute that may be responsible for T.J.'s care during such a time. By ordering the Division to be responsible for T.J.'s care, the trial court exceeded its statutory authority.

■ Similarly, there is no statutory authority for the trial court to order the Division to be financially responsible for T.J.'s medical care once T.J. is admitted to a state facility. Indiana Code 12–24–13–1 *et seq.* dictates the liability for the cost of treatment of patients in state institutions. Indiana Code 12–24–13–4 provides as follows:

(a) Each patient in a state institution and the responsible parties of the patient, individually or collectively, shall pay for the ensuing fiscal year an amount not to exceed the per capita cost at that state institution.

(b) Except as provided in section 5 of this chapter, each patient in a state institution and the responsible parties, individually or collectively, are liable for the payment of the cost of treatment and maintenance of the patient.

The "section 5" referred to in I.C. 12–24–13–4(b) above provides:

(a) Whenever placement of a handicapped child (as defined in IC 20–1–6–1) in a state institution is necessary for the provision of special education for that child, the cost of the child's education program, *nonmedical care*, and room and board shall be paid by the division rather than by the child's parents, guardian, or other responsible party.

I.C. 12–24–13–5 (Emphasis added.)

Appellee Johnson County Department of Welfare concedes that section 5 above specifically exempts the child's medical care. (Brief of appellee Johnson County Department of Public Welfare, p. 11). Therefore, the trial court was without statutory authority to order the Division to be financially responsible for T.J.'s psychiatric treatment and medical care under I.C. 12–24–13–5.

■ Moreover, the obligation of the Division to assume financial responsibility for T.J.'s education under the above statute has not been triggered in the present circumstances. Indiana Code 12–24–13–5(c) provides:

The Indiana state board of education and the divisions shall jointly establish a procedure and standards for determining when placement in a state institution is necessary for the provision of special education for a child.

The procedures and standards contemplated under section 5(c) above have been established by the Division and the Board of Education and may be found at 511 IAC 7–3–1 *et seq.* The determination of whether a child is handicapped and in need of special education services is made by a "case conference committee" (defined by 511 IAC 7–3–7). 511 IAC 7–12–5(c).

T.J. was not institutionalized "for the provision of special education" as a "handicapped child" pursuant to, or contemplated by, the above scheme of statutes and regulations. T.J. was involuntarily committed because she was mentally ill and suicidal. Therefore, the Division is not financially responsible for T.J.'s education under I.C. 12–24–13–5.

## CONCLUSION

The Division was not a party to the proceedings below and the trial court lacked the jurisdiction to enter an order adverse to the Division. Moreover, the trial court was without statutory authority to order the Division to assume financial responsibility for T.J.'s care, maintenance, and education under the present circumstances. Therefore, we must reverse with instructions that the trial court's order (or orders) challenged by the Division be vacated in accordance with this opinion.

Judgment reversed.

RUCKER, J., concurs.

BAKER, J., concurs in result with separate opinion.

BAKER, Judge, concurring.

For reasons specified in *In re the Commitment of A.B.* (1993), Ind.App., 614 N.E.2d 563 I concur in the result the majority has reached in this case.