**LAKE COUNTY, et al., Appellant–Defendant Third–Party Plaintiff and Cross–Plaintiff,**

v.

**DIVISION OF MENTAL HEALTH, Appellee–Third Party Defendant,**

**St. Margaret Mercy Healthcare Centers, Inc., Appellee–Plaintiff,**

**Brian P. O'Donnell, Appellee–Cross–Defendant.**

**No. 56A03–9707–CV–243.**

Court of Appeals of Indiana.

Aug. 5, 1998.

Gerald M. Bishop, Cheryl A. Kuechenberg, Greco Pera & Bishop, Merrillville, for Appellant–Defendant Third–Party Plaintiff and Cross–Plaintiff.

Jeffrey A. Modisett, Attorney General, Jon Laramore, Deputy Attorney General, for Appellee–Third Party Defendant Division of Mental Health.

John H. Lloyd, IV, Galvin, Galvin & Leeney, Hammond, for St. Margaret Mercy Healthcare Centers, Inc., for appellee.

## OPINION

STATON, Judge.

Lake County, the County Council of Lake County, and the Board of County Commissioners of Lake County (collectively "the County") appeal the trial court's grant of the Indiana Division of Mental Health's ("DMH") motion for judgment on the pleadings. The County raises two issues on appeal which we restate as:

I. Whether a court other than the committing court may order the DMH to pay the costs of care incurred while an individual awaits placement in a DMH facility.

II. Whether the DMH's failure to comply with IND.CODE § 12–26–2–9 allows the County to be indemnified for the cost of caring for an individual who awaits placement in a DMH facility.

We affirm.

The essential facts of this case are undisputed. The Lake Superior Court ordered the involuntary commitment of a mental patient to the DMH. While the patient awaited admission to a DMH facility, he was temporarily placed in a facility owned by Saint Margaret Mercy Healthcare Centers, Inc. ("SMMHC"). The present lawsuit arose from a dispute regarding who is responsible for the costs incurred while the patient was at the SMMHC facility.

SMMHC filed a lawsuit alleging that the County is liable for these costs. The County subsequently filed a third-party complaint against the DMH alleging that the DMH breached its duty to timely place the patient in a DMH facility, and as such, the DMH should be required to indemnify the County for any liability it has to SMMHC. In turn, the DMH filed a motion for judgment on the pleadings contending, *inter alia*, that it cannot be held liable, as a matter of law, for the expenses incurred while the patient awaited placement in a DMH facility. The trial court granted the DMH's motion; this appeal ensued.

■ For purposes of a motion for judgment on the pleadings, the moving party admits all well-pleaded facts and the reasonable inferences to be drawn therefrom, as well as the untruth of any of his own allegations which have been denied by the nonmovant. *Mirka v. Fairfield of America, Inc.*, 627 N.E.2d 449, 450 (Ind.Ct.App.1994), *trans. denied*. Judgment on the pleadings is appropriate only when the pleadings present no material issues of fact, and the facts therein clearly entitle the moving party to judgment. *Id.*

### I.

### *Liability for the Cost of Pre-Admission Care*

■ In its motion for judgment on the pleadings, the DMH argued that it is not responsible for the costs incurred in caring for a patient while the patient awaits admission to a DMH facility, citing IND.CODE § 12–26–10–4 and related cases. Chapter ten of IC 12–26 addresses the care of a person awaiting admission to a DMH facility. Specifically, IC 12–26–10–4 provides:

If the comfort and the care of an individual are not otherwise provided:

(1) from the individual's estate;

(2) by the individual's relatives or friends; or

(3) through financial assistance from the division of family and children or a county office;

the court may order the assistance furnished and paid for out of the general fund of the county.

Because the DMH is not identified by this statute, we specifically held in *In re Commitment of T.J.*, 614 N.E.2d 559 (Ind.Ct.App. 1993) and *In re Commitment of A.N.B.*, 614 N.E.2d 563 (Ind.Ct.App.1993) that a court is prohibited from ordering the DMH to bear the cost of a patient's care pending his admission to a DMH facility. *T.J.*, 614 N.E.2d at 562; *A.N.B.*, 614 N.E.2d at 566.

The County contends that IC 12–26–10–4 is inapplicable under the facts of this case because SMMHC's lawsuit against the County and the County's third-party claim against the DMH were not brought before the committing court. IC 12–26–10–4 states that "the court may order" the county to pay for

the pre-admission costs of caring for a patient. The County argues that "the court" referred to in IC 12–26–10–4 is the committing court, and as such, IC 12–26–10–4 serves as a limitation only on the committing court's power to order the DMH to pay pre-admission costs. Thus, the County concludes that any court other than the committing court may order the DMH to pay a patient's pre-admission costs.

We disagree with the County's reading of IC 12–26–10–4. A plain reading of IC 12–26 makes clear that the legislature intended for IC 12–26–10–4 to serve as the mechanism for determining who is responsible for paying the cost of pre-admission care. As we noted in *T.J.* and *A.N.B.*, IC 12–26–10–4 does not contemplate that the DMH may be held responsible for these costs. *T.J.*, 614 N.E.2d at 562; *A.N.B.*, 614 N.E.2d at 566. Even if the County is correct that IC 12–26–10–4 refers only to the committing court, it does not necessarily follow that the DMH may be ordered to pay for pre-admission care by any court other than the committing court. At most, such a conclusion would only prohibit a court other than the committing court from ordering the County to pay for pre-admission costs. We hold that IC 12–26–10–4 precludes any court from ordering the DMH to pay for the cost of pre-admission care.

## II.

### *IC 12–26–2–9*

■ The County also argues that the DMH breached its duty under IC 12–26–2–9 which requires the DMH to "make arrangements for the individual's admission to an appropriate facility" when it refuses a patient's admission due to lack of resources. Assuming without deciding that the DMH did breach its statutory duty, this breach does not change the fact that the DMH may not be ordered to pay the cost of pre-admission care. *See A.N.B.*, 614 N.E.2d at 567 (holding that DMH breached its duty under IC 12–26–2–9 but still prohibiting the trial court from ordering the DMH to pay pre-admission costs). Accordingly, we hold that the trial court did not err by granting the

DMH's motion for judgment on the pleadings.

Affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.