**In re The MARRIAGE OF Bradley D. LEWIS, Appellant–Respondent**

**and**

**Susan K. Lewis, Appellee–Petitioner.**

**No. 29A02–9402–CV–85.**[1]

Court of Appeals of Indiana, First District.

Aug. 15, 1994.

---

1. This case was transferred to this office on July 7, 1994, by direction of the Chief Judge.

Gregory L. Caldwell, Noblesville, for appellant.

Franklin I. Miroff, Monte K. Woolsey, Indianapolis, for appellee.

ROBERTSON, Judge.

Bradley D. Lewis appeals the property distribution and award of attorney fees in the decree which dissolved his marriage to Susan K. Lewis. Bradley raises two issues, neither of which constitutes reversible error. Susan asserts that Bradley's appeal is frivolous and requests that we assess damages pursuant to Ind.Appellate Rule 15(G).

## FACTS

The facts in the light most favorable to the trial court's judgment reveal that Bradley and Susan were married in 1973 and divorced in 1993. Susan was awarded custody of the parties' two children, and Bradley was ordered to pay child support. No issues related to the children are involved in this appeal.

The trial court ordered the equal division of marital property. Part of the trial court's division included a judgment in favor of Susan against Bradley in the amount of $10,614.00.

The trial court awarded Bradley his ⅓ interest in three office buildings. Susan testified, and stated in her financial declaration stipulated into evidence, that while she believed Bradley's interest to be worth more, she believed $100,000.00 was a fair value to place on the ⅓ interest in the office buildings. She testified that this figure had come from Bradley through his attorney. Bradley filed a financial declaration with the court before the final hearing stating the value of the ⅓

interest to be $60,000.00. The financial declaration he filed at the final hearing stated that the value of this ⅓ interest was only $10,000.00. The trial court valued the asset at $100,000.00.

Susan presented evidence that her reasonable attorney fees amounted to over $10,000.00. She testified that the expenses escalated because Bradley refused to cooperate with court discovery orders which necessitated contempt proceedings. Bradley never complied with discovery requests relating to the amount of income he earned from his business. Although he earned more than $60,000.00 in 1989, he testified that his current income was less than $20,000.00 per year. The trial court awarded Susan's attorney $7,000.00 in fees finding that the expenses escalated as the result of Bradley's noncooperation which resulted in contempt proceedings.

## DECISION

### I.

### VALUATION

Bradley argues the trial court erred in its valuation of the ⅓ interest in the office buildings. He asserts they are worth much less than $100,000.00. Bradley argues there is no evidence to support the divorce court's valuation, noting that Susan admitted the buildings had not been appraised. The conflicting and much lower figures stated in Bradley's financial declarations indicated that they were based on appraisals. However, no such appraisals ever materialized.

The burden of producing evidence concerning the valuation of the assets lies with the parties to the proceedings. *Dean v. Dean* (1982), Ind.App., 439 N.E.2d 1378. The divorce court is invested with broad discretion in ascertaining the value of marital property. *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767. No abuse of discretion will be found in the divorce court's valuation if there is sufficient evidence to support the valuation. *Id.*

As set out in the FACTS section, Susan testified that the $100,000.00 figure

had originated with Bradley and had been communicated to her by Bradley's attorney. Bradley testified that the figures in Susan's financial declaration appeared to be "reasonably accurate." The trial court's valuation is supported by sufficient evidence, and we find no abuse of discretion.

## II.

### ATTORNEY FEES

■ Bradley contests the $7,000.00 award of attorney fees. He argues that the evidence related to attorney fees did not break out what amounts were attributable to his noncooperation. He argues that Susan has access to ample funds to pay her fees.

Indiana Code 31–1–11.5–16(a) provides:

The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name.

The trial court has broad discretion in assessing attorney fees in dissolution cases. *Rump v. Rump* (1988), Ind.App., 526 N.E.2d 1045, *trans. denied.* When making an award of attorney fees in a marriage dissolution case, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other factors that bear on the reasonableness of the award. *Selke v. Selke* (1991), Ind.App., 569 N.E.2d 724. Misconduct that directly results in additional litigation expenses may properly be taken into account in the trial court's decision to award attorney fees in the context of a dissolution proceeding. *R.E.G. v. L.M.G.* (1991), Ind.App., 571 N.E.2d 298.

■ Bradley does not dispute the trial court's finding that Susan incurred additional fees as the result of his noncooperation. Bradley earned approximately $60,000.00 in 1989. Where Bradley failed to respond to discovery regarding his income, the divorce court was not required to believe that his earnings had slipped below $20,000.00 per year. Susan earns approximately $47,000.00 per year. The evidence reveals that Susan's reasonable attorney fees amounted to over $10,000.00. Therefore, the $7,000.00 award is supported by the evidence and the trial court did not abuse discretion.

### CONCLUSION

The trial court's decision is affirmed in all respects. Susan's request for damages under App.R. 15(G) is granted. She is awarded 10% of the $10,416.00 judgment contained in the decree or $1,041.60. We remand for execution.

NAJAM and CHEZEM, JJ., concur.