In re Marriage of Gloria J. THOMPSON, Appellant–Petitioner,

v.

Gerald THOMPSON, Appellee–Respondent.

No. 34A02–9804–CV–319.

Court of Appeals of Indiana.

June 19, 1998.

---

Donald C. Leicht, Noel & Noel, Kokomo, for Appellant–Petitioner.

Michael O. Bolinger, Bolinger Bolinger & Kuntz, Kokomo, for Appellee–Respondent.

## OPINION

SHARPNACK, Chief Judge.

This case comes to us on appeal after remand. In the original appeal, Gloria Thompson (Wife) appealed the trial court's denial of her petition to modify child support and her motion for award of trial and appellate attorney fees. In a memorandum decision, this court reversed the trial court's denial of her petition to modify support, remanded with instructions, and affirmed the denial of her petition for attorney fees.[1] In this second appeal, Wife raises two issues for our review, which we restate as:

1) whether the trial court complied with this court's instructions on remand to

---

1. *See Thompson v. Thompson,* No. 34A02–9705–CV–269, 685 N.E.2d 1150 (Ind.Ct.App. October 9, 1997).

reconsider the exclusion of the overtime and bonus income of the appellee, Gerald Thompson (Husband), from its calculation of weekly gross income; and

2) whether the trial court erred when it denied Wife's new petition for appellate attorney fees.

We affirm in part, reverse in part, and remand with instructions.

We first note the facts as stated in our previous memorandum decision:

"On November 22, 1996, the trial court denied the wife's petition to modify support. Although the proceedings were not recorded, the record reflects that the judge was aware of the fact that the husband had significant overtime and bonus pay. The wife submitted two child support worksheets to the court on November 22, 1996. The first worksheet stated the husband's weekly gross income figure as $762.00, which represented the base pay of the husband. The second worksheet stated the husband's weekly gross income amount as $1,799.00, which included overtime and bonus pay.

Therefore, on November 22, 1996, when the court found that the 'weekly income' of the husband had only increased from $739.00 per week in June of 1995 to $761.00 per week as of November 22, 1996, it had obviously excluded the husband's overtime pay from its calculation.

On November 22, 1996, the court did not state any reasons for its exclusion of overtime pay from its calculation of the husband's weekly income. In fact, the trial court did not even mention the existence of overtime pay.

On December 17, 1996, wife's attorney filed her motion to correct error. Submitted with the motion was a letter from the husband's payroll clerk, dated August 10, 1996. This letter included the husband's *total* earnings for 1996 year-to-date, including all bonuses and overtime wages paid.

When the court denied the wife's motion to correct error on February 6, 1997, it stated that any evidence of Gerald's overtime pay was irrelevant because the trial court had originally chosen to exclude the overtime wages of the respondent.

In its decision to deny the motion to correct error the trial court stated that, '[t]he Court is given wide discretion in deciding whether or not the calculation should or should not be based on overtime income.' Record at 49. However, the trial court, in its November 22, 1996 order, failed to even mention the husband's overtime pay, and did not give any rationale for its total exclusion from the final calculation of 'weekly gross income.' "

*Thompson,* No. 34A02–9705–CV–269, slip op. at 3–4, 685 N.E.2d 1150 (Ind.Ct.App. October 9, 1997). In that decision, we held that

"the Indiana Child Support Guidelines make it clear that a trial court must start with a weekly gross income figure which includes overtime pay. If a court makes a determination to exclude any portion of overtime pay from the final 'weekly gross income' figure, the court must state, on the record, its reasons for the exclusion."

*Id.* at 5. Consequently, we remanded with instructions for the trial court "to reconsider its support order, and if it elects to exclude all, or any portion of the husband's overtime pay from its final 'weekly gross income' figure, it must state its reasons for the decision on the record." *Id.*

On remand, the trial court again chose to exclude Husband's overtime and bonus pay and gave the following reasoning:

"Support was modified in June of 1995, at which time support was increased to $150.00 per week by agreement of the parties.

Since that time, [Husband's] weekly gross income has decreased to $1799.00 per week from $1926.00 per week. Said figures include amounts received by [Husband] from bonuses and overtime work. During the same period of time, [Wife's] weekly gross income has decreased from $399.00 per week to $383.00 per week.

The Court has no evidence before it relative to the reasoning forming the basis of this parties' agreement regarding support, which was reached in June of 1995. However, it can be safely assumed that such agreement discounted all or most of

[Husband's] bonus and overtime income inasmuch as the support obligation would have been much higher if said income has [sic] been considered by the parties and the child support guidelines had been applied.

For this reason, the Court declines to use overtime and bonus income of [Husband] in deciding whether or not the agreed support order should be modified." Record, pp. 44–45. Wife then initiated this appeal.

## I.

The first issue raised by Wife is whether the trial court complied with this court's instructions on remand to reconsider the exclusion of Husband's overtime and bonus income from its calculation of weekly gross income. Specifically, she asserts that the reason given by the trial court for excluding the additional income was insufficient. We agree.

▉ It appears that the trial court decided that because the parties had excluded the additional income by agreement and because there had been no substantial change in the income of either party since that time, it was appropriate, upon Wife's 1996 petition for modification for support, to continue to exclude the overtime and bonus income. As noted by the trial court, the reasoning behind excluding the extra income by agreement in 1995 is not apparent from the record. However, after reviewing the Child Support Guidelines and the policies underlying the calculation of child support, we conclude that exclusion of bonus and overtime pay from weekly gross income is not justified by the mere fact that the parties previously agreed to such an arrangement.[2] Without making a determination as to whether the additional income in this case was appropriately excluded, we conclude that the trial court abused its discretion in continuing to exclude the income for the reason that it gave in its decision.

▉ We first turn to the commentary of the Indiana Child Support Guidelines. The commentary first notes that overtime and bonus income can be "irregular and nonguaranteed which causes difficulty in accurately determining the gross income of a party." Ind. Child Support Guideline 3, commentary 2(b). The commentary further notes that while this type of income is includable in the total income, such inclusion is "also very fact sensitive." *Id.* Some examples of factual situations warranting consideration provided by the commentary include a downturn in the economy, working sixty hour weeks for short periods of time, or part-time work taken to pay a specific bill. *Id.* Each of these situations may warrant exclusion of all or part of the additional income because it is unreliable or would require a party to maintain a heavy work schedule to meet a support obligation. The commentary indicates the underlying philosophy with respect to this type of income when it states, "[c]are should be taken to set support based upon dependable income, while at the same time providing children with the support to which they are entitled." *Id.; see also Mullin v. Mullin,* 634 N.E.2d 1340, 1342 (Ind.Ct.App.1994) (adopting this language from the commentary). From this discussion in the commentary, it is clear that the decision to exclude overtime or bonus income centers around the dependability of such income. It is also clear that if the income is dependable, it should not be excluded without proper consideration. "Judges and practitioners should be innovative in finding ways to include income that would have benefitted the family had it remained intact, but be receptive to deviations where *articulate reasons* justify them." Child Supp.R. 3, commentary 2(b) (emphasis added).

Case law also supports the idea that exclusion of overtime income should be based upon dependability. For example, in *Carter v. Morrow,* we held that the trial court complied with the support guidelines when it excluded husband's overtime income because of its uncertainty where the record revealed that husband worked in the auto industry which is subject to periodic economic down-

---

**2.** This is especially true given that parties may not contract away the support to which a child is entitled. *Bussert v. Bussert,* 677 N.E.2d 68, 71 (Ind.Ct.App.1997), *trans. denied.*

turns. *Carter v. Morrow*, 563 N.E.2d 183, 186–187 (Ind.Ct.App.1990).

■ The thrust of the commentary and related cases is that the trial court's discretion in excluding overtime and bonus income is grounded in a determination that the income is not dependable or would place a hardship on a parent to maintain. Therefore, we hold that, in addition to articulating its reasons for excluding this type of income, the trial court's reasoning must indicate that the determination was made in light of the above discussed principles.

Here, the trial court's decision does not indicate that it considered the dependability of Husband's overtime and bonus income. Therefore, we reverse the trial court's exclusion of the additional income and remand to the trial court with instructions to again consider whether Husband's overtime and bonus income should be excluded from his weekly gross income in light of the above discussion. Such a determination will require the trial court to inquire as to the nature of this additional income and to hear evidence as necessary for such a determination. Again, if the trial court decides to exclude the income, it must articulate a reason in the record, and such reason must also comport with the principles of the Support Guidelines.[3]

## II.

The next issue raised is whether the trial court erred when it denied Wife's new petition for appellate attorney fees. In her first appeal, Wife argued that the trial court erred by denying her petition for trial and appellate attorney fees. In response to her argument, we noted that "the trial court, which was familiar with the circumstances of the case, exercised its discretion by denying trial and appellate attorney fees to the wife." *Thompson*, No. 34A02–9705–CV–269, slip op. at 7, 685 N.E.2d 1150. Accordingly, we held that the trial court's denial of her petition was not an abuse of discretion. *Id.*

■ In this appeal, Wife again asserts that the trial court erred in denying her new petition for appellate attorney fees. In her brief, she concedes that the facts regarding the parties' relative income are the same and that the only additional facts relevant to her present argument "concern the Trial Court's disparate treatment of [her] Motion for Appellate Attorney Fees ... and [Husband's] Request for Appellate Attorney Fees...." Appellant's brief, p. 10. In other words, she contends that the trial court abused its discretion in summarily denying her petition for appellate attorney fees without a hearing while granting a hearing on Husband's petition for appellate attorney fees before denying his petition. However, Wife cites no authority for her contention that the trial court is required to hold a hearing on a petition for appellate attorney fees. As such, she has waived review of this contention. Ind. Appellate Rule 8.3(A)(7); *Berger v. Berger*, 648 N.E.2d 378, 381 (Ind.Ct.App.1995).

■ Waiver notwithstanding, we hold that it was not an abuse of discretion for the trial court to summarily deny her petition. Indiana Code § 31–1–11.5–16 allows the trial court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in connection with the marriage dissolution. This includes the award of reasonable attorney fees. *Sovern v. Sovern*, 535 N.E.2d 563, 567 (Ind.Ct.App.1989), *reh'g denied*. The trial court has broad discretion in making such an award and we will not disturb such an award absent an abuse of that discretion. *Scott v. Scott*, 668 N.E.2d 691, 709 (Ind.Ct.App.1996). When making an award of attorney fees, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such factors that bear on the reasonableness of the award. *In re Lewis*, 638 N.E.2d 859, 861 (Ind.Ct.App.1994).

■ We again note that the trial court was well aware of the parties' respective incomes

---

3. Wife also asserts that there is an unwritten rule in Howard County that overtime and bonus income is always excluded from weekly gross income in calculating child support. However,

aside from the circumstances of this case, Wife offers no evidence that such a policy exists and, thus, we decline to address this contention.

and other relevant circumstances. Given the broad discretion of the trial court in awarding attorney fees, we conclude that the trial court did not abuse its discretion by summarily denying Wife's petition without a hearing. *See Scott,* 668 N.E.2d at 709. Therefore, we affirm the trial court's denial of her petition for appellate attorney fees.

For the foregoing reasons, we affirm in part, reverse in part, and remand with instructions.

Affirmed in part, reversed in part, and remanded with instructions.

FRIEDLANDER, J., concurs.

GARRARD, J., concurs in result with separate opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached by the majority. If we were to consider only Indiana Code § 31–16–8–1(1), I would conclude that the trial court satisfactorily explained its decision to exclude overtime and not modify the support award. However, subsection (2) permits modification upon a showing that a party has been ordered to pay an amount that differs by more than 20% from the guideline amount and the order is more than 12 months old.

Here the previous order was entered in 1995 and the potential inclusion of overtime and bonuses would create a deviation of more than 20%. I therefore agree with the majority that the analysis it calls for is proper.

I concur in its determinations concerning attorney fees.