Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 09 2013, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NORMAN L. BURGGRAF, JR.**
Burggraf Law Office, P.C.
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**MARK D. BOVERI**
**CHARLES P. RICE**
Boveri Murphy Rice, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TORI R. DRIVER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  20A04-1208-DR-437 |
| | ) | |
| TODD W.A. DRIVER, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0707-DR-139

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Tori Driver ("Mother") appeals the trial court's modification of child support, raising for our review the sole issue of whether the trial court abused its discretion by omitting from Todd Driver's ("Father") weekly gross income certain of his bonus income.

We reverse and remand.

**Facts and Procedural History**

Mother and Father divorced on September 17, 2008, and the divorce decree ratified a settlement agreement between them. Pursuant to the divorce decree, Mother and Father share custody of their three minor children equally, and starting May 9, 2008, Father's child support payments were to be $421 per month. (App. at 12-13, 15.) Father also was to be "solely responsible for paying all of the children's 'controlled' expenses, defined as expenses for clothing, education, school books and supplies, out-of-pocket health care according to the 6% rule as stated [earlier in the decree], personal care items, and reading materials." (App. at 15.) Father's income for purposes of calculating his child support obligation was to include, in relevant part: "(1) his salary in the year [in] which child support is being calculated; [and] (2) all bonus[es] for the year previous to the year for which child support is being calculated, which are received in the year for which child support is being calculated[.]" (App. at 15.)

On October 31, 2011, Mother filed a verified petition to modify child support, alleging "that the income of the parties has changed significantly since the Decree of Dissolution was entered and that the application of the Indiana Child Support Guidelines to the party's current incomes would result in an increase in . . . [Father's] support obligation of more than twenty

2

[percent] (20%)[.]" (App. at 41-42.) On November 30, 2011, Father filed a motion for rule to show cause alleging denial of parenting time, and a verified petition to modify parenting time. (App. at 44-47.) On January 19, 2012, the trial court held an evidentiary hearing. At the request of the court, both parties submitted corrected Child Support Obligation Worksheets the next day.

On July 30, 2012, the trial court entered its order modifying child support and denying both of Father's motions, stating in relevant part:

> The Decree of Dissolution[] . . . does not contemplate a departure from the Guidelines. But it does require that [Father]'s income be calculated in a particular manner. Additionally, the Decree requires [Father] to pay all controlled expenses. . . . The task for the Court is to calculate child support in a manner consistent with the Guidelines, while complying with the terms of the Decree.
>
> The Court finds . . . [Father]'s gross income is $6,452.31 per week. The Court finds . . . [Mother]'s gross income is $283.00 per week.
>
> . . .
>
> Based upon the foregoing findings and analysis, the Court [m]odifies . . . [Father]'s child support obligation to $483.00 per week[.]

(App. at 54-55.)

Mother now appeals the amount of the trial court's child support modification, contending that the trial court erred by omitting from the child support calculation certain of Father's bonus income.

## Discussion and Decision

### Standard of Review

A trial court's modification of child support will be reversed only for an abuse of

discretion, that is, when the trial court's decision is clearly against the logic and effect of the facts and circumstances. Burke v. Burke, 809 N.E.2d 896, 898 (Ind. Ct. App. 2004). Where, as here, the trial court entered findings of fact and conclusions thereon sua sponte, our standard of review is well settled:

> When the trial court enters findings sua sponte, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. Brinkmann v. Brinkmann, 772 N.E.2d 441, 444 (Ind. Ct. App. 2002). The specific findings will not be set aside unless they are clearly erroneous, and we will affirm the general judgment on any legal theory supported by the evidence. Hanson v. Spolnik, 685 N.E.2d 71, 76 (Ind. Ct. App. 1997), trans. denied. A finding is clearly erroneous when there are no facts or inferences drawn therefrom that support it. Id. at 76–77. In reviewing the trial court's findings, we neither reweigh the evidence nor judge the credibility of the witnesses. Id. at 77. Rather, we consider only the evidence and reasonable inferences drawn therefrom that support the findings. Id.

Julie C. v. Andrew C., 924 N.E.2d 1249, 1255–56 (Ind. Ct. App. 2010). We review the trial court's legal conclusions de novo. Mansfield v. McShurley, 911 N.E.2d 581, 589 (Ind. Ct. App. 2009).

## Analysis

Mother argues that the trial court abused its discretion when it failed to include in Father's 2011 weekly gross income two bonuses totaling $310,000, which he earned and received in 2011. Father argues that the divorce decree provided for the exclusion of bonuses earned and paid in the same year and, thus, that the trial court correctly excluded the two bonuses from his weekly gross income.

The Indiana Child Support Guidelines define the "weekly gross income" of each parent, in relevant part, as "income of from any source, . . . [including] income from salaries,

4

wages, commissions, [and] bonuses[.]" Ind. Child Support Guideline 3(A)(1). The trial court may exclude bonus income from a child support calculation, but it must articulate its reasons for doing so. Thompson v. Thompson, 696 N.E.2d 80, 84 (Ind. Ct. App. 1998). For example, a trial court may exclude bonus income from a child support calculation upon determining that the income is not dependable, or would place a hardship on the parent to maintain. Id.

However, the exclusion of bonus pay from a parent's "weekly gross income is not justified by the mere fact that the parties previously agreed to such an arrangement." Id. at 83. "[T]he right to child support lies exclusively with the child, and a parent merely holds child support payments in trust for the benefit of the child." Fields v. Fields, 749 N.E.2d 100, 105 (Ind. Ct. App. 2001), trans. denied. Thus, the parent who is to receive child support has no right to contract away the child's support by agreement. Straub v. B.M.T. by Father, 645 N.E.2d 597, 599-600 (Ind. 1994).

Here, the trial court found that the divorce decree, while not contemplating a departure from the Child Support Guidelines, "does expressly require that [Father's] income be calculated in a particular manner." (App. at 54.) The court then concluded that Father's weekly gross income for 2011 equaled $6,452.31. (App. at 55.) However, the record indicates that Father's weekly gross income for 2011—including his salary, one bonus earned in 2010 but paid in 2011, two bonuses earned and paid in 2011, a car allowance, and a health insurance allowance—equaled $16,613. (Tr. at 6-7, 11-12, 19; Wife's Ex. 1.) Having made no determination as to whether Father's bonus income is dependable, or whether maintaining

it would place a hardship on Father, the trial court abused its discretion when it deviated from the Child Support Guidelines with respect to the manner in which Father's income is calculated.

## Conclusion

The trial court's exclusion of two bonuses from Father's weekly gross income was an abuse of discretion.

We reverse and remand for proceedings not inconsistent with this Opinion.

NAJAM, J., and BARNES, J., concur.