Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 27 2014, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**PRESTON T. BREUNIG**
**MARTHA L. WESTBROOK**
Buck Berry Landau & Breunig, P.A.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CHRISTOPHER M. GILLEY**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD R. HOGSHIRE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1309-DR-402 |
| | ) | |
| URSULA HOOVER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1202-DR-74

**June 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Richard Hogshire ("Husband") appeals the dissolution court's order regarding provisional maintenance, expert witness fees, and the distribution of proceeds from the sale of the marital residence in this dissolution action. Husband presents the following issues for our review:

1.   Whether the dissolution court abused its discretion when it ordered, sua sponte, that the proceeds from the sale of the marital residence shall be distributed to Ursula Hoover's ("Wife") attorney's trust account.

2.   Whether the dissolution court abused its discretion when it ordered him to pay provisional maintenance to Wife.

3.   Whether the dissolution court's order that he pay fees incurred by a valuation expert is ambiguous and/or an abuse of discretion.

We affirm in part, reverse in part, and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

We previously set out the facts and procedural history in this case as follows:

On January 5, 2012, Husband filed a petition for dissolution of his fourteen-year-marriage to Wife. Wife filed a counter-petition for dissolution on January 13, 2012. After granting Husband two enlargements of time in which to respond to discovery, the trial court held a preliminary hearing on April 30, 2012. At the hearing, Wife requested, inter alia, that the trial court grant her possession of the marital residence pending its sale and $20,000 in preliminary attorney's fees from Husband.

The trial court issued its provisional order on April 30, 2012. In it, the trial court awarded Husband possession of the marital residence and ordered Wife to vacate the home by May 31, 2012. The trial court also ordered Husband to make all mortgage payments on the home during the provisional period, to provide a $750 down payment toward an apartment for Wife, and to pay wife $300 per month in maintenance. Additionally, Husband was given thirty days in which to pay Wife $5000 in provisional expenses for valuation of Husband's businesses. Wife's request for attorney's fees, however, was denied.

2

Wife did not vacate the marital residence until July 13, 2012. In doing so, she placed the majority of the residence's furniture in storage at a cost of $1600. Wife stayed at her daughter's home for approximately two months, where she suffered from cat allergies and bronchitis. On September 21, 2012, Husband allowed Wife to move back into the marital residence for a few days so she could recuperate. Husband then requested that Wife move the furniture back into the marital residence so that it would show better for sale. Wife returned the furniture on September 27, 2012, at an additional cost of $1600. On September 28, 2012, Husband informed Wife that he intended to move back into the marital residence, and he later requested that Wife vacate the home by October 10, 2012.

On October 9, 2012, Wife petitioned for emergency relief from and modification of the trial court's April 30, 2012[,] provisional order. Specifically, Wife requested that the trial court stay its order granting Husband possession of the marital residence, set the matter for hearing, and thereafter modify the order to grant wife possession of the home. Wife also requested that Husband be ordered to pay her attorney's fees with respect to the petition. On October 10, 2012, the trial court stayed the provisional order as it pertained to possession of the marital residence. On November 13, 2012, Husband responded to Wife's petition for modification.

The trial court held a hearing on Wife's petitions on November 16, 2012. At the hearing, Wife testified in support of her petition for modification and was cross-examined by Husband. The time allotted for the hearing, however, expired without Husband having an opportunity to present evidence in opposition to Wife's petition. The trial court granted Wife the relief she sought and modified its April 30, 2012[,] provisional order as follows:

> Wife shall have provisional possession of the residence. Husband shall pay all expenses and utilities associated with the residence, all landscaping and upkeep. The Husband's obligation to pay maintenance is extinguished and Husband shall pay an additional five thousand dollars to the attorneys for [Wife] in order to secure the business valuation promptly, an additional ten thousand dollars in attorney fees are due provisionally from [Husband] to [Wife's] attorneys. The same is due within fifteen days.

Tr. II, p. 78-79. No evidence was heard on the issue of attorney's fees and costs.

3

On November 21, 2012, Husband moved for the trial court to reconsider its November 16, 2012[,] order granting Wife possession of the marital residence and awarding her $15,000 in preliminary attorney's fees and costs. As this motion pertained to attorney's fees, Husband argued that it was an abuse of discretion for the trial court to issue such an award without first conducting an evidentiary hearing as to the parties' financial circumstances. The trial court denied Husband's motion to reconsider on November 30, 2012, explaining, "At a certain point on November 16th, the Court, considering the extensive hearing on provisional matters five months before, concluded that it had been duly advised." Appellant's App. p. 90. "The $15,000.00 in additional attorney's fees and suit costs . . . are reasonable considering that the assets of the marriage are a closely held business and not much else." Appellant's App. p. 93.

Hogshire v. Hoover, No. 06A01–1212–DR–557, slip op. at *1-2 (Ind. Ct. App. Nov. 27, 2013) ("Hogshire I"). In Hogshire I, we held that the dissolution court did not abuse its discretion when it sua sponte ordered Husband to pay Wife's preliminary attorney's fees. Id. But we also held that the dissolution court abused its discretion when it ordered Husband to pay those fees without first holding an evidentiary hearing on the issue of Husband's ability to pay. Id.

The parties have since sold the marital residence, and the sale proceeds total approximately $45,000. Wife has depleted her savings account, which had approximately $150,000 in it at the time of the parties' separation. Wife's sole source of income is monthly Social Security benefits totaling approximately $860, and her monthly expenses, including discretionary spending, total $7,455.42. Wife owes her attorney approximately $40,000. Husband owns several businesses and receives Social Security benefits and reports a monthly income from all sources of $7,818. Husband's debts include joint marital debt totaling $89,000; $11,775 owed to the Internal Revenue Service for 2012 taxes; and $25,000 owed to his attorney.

4

The parties hired an expert, Howard Gross, to valuate Husband's businesses and have paid him $15,000 to date. The parties owe Gross an additional $12,536 to date. Gross has not yet completed his valuation of Husband's businesses.

On May 16, 2013, Wife filed her Verified Petition to Modify Court's November 16th Order Regarding Provisional Maintenance and Request for a Hearing Regarding the Same. Wife alleged that, because Husband was no longer paying for her to live in the marital residence, she was entitled to maintenance. Following a hearing, the trial court entered the following order:

1. Husband shall, effective September 13, 2013, pay maintenance to wife of $750.00 per week.

2. Husband shall pay all outstanding fees incurred by Howard Gross to complete his business valuation of all companies operated by Husband in which he has an ownership interest.

3. The funds from the sale of the marital residence shall be distributed to the trust account of [Wife's attorney] Carl Becker. Final distribution of the same shall be upon final hearing.

4. Husband is restrained from transferring, gifting, encumbering or otherwise divesting marital assets tangible or intangible without Court authority.

5. Husband shall cooperate in furnishing all information to Howard Gross such that he can complete his valuation.

Appellant's App. at 8. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Proceeds from Sale of Marital Residence

Husband first contends that the trial court abused its discretion when it sua sponte ordered that the proceeds from the sale of the marital residence shall be "distributed to

5

the trust account of Carl Becker[, Wife's attorney]." Appellant's App. at 8. Husband maintains that neither party moved the court to so distribute the proceeds, which were being held in escrow by a title company. And Husband suggests that the sua sponte order shows that the dissolution court is biased in favor of Wife. In support, Husband cites to Judge Bailey's separate opinion in Hogshire I, where Judge Bailey stated: "Unless there has been a direct affront to the dignity or conduct of the court, a sua sponte award in the absence of a motion and an evidentiary hearing creates the appearance that neutrality has been abandoned, and opens the dissolution court to the allegations of bias or prejudice." Slip op. at *3.

But the dissolution court's order regarding the proceeds is not an award to Wife. Wife's attorney is merely holding the proceeds in trust for the parties, and Husband cannot show that he is prejudiced in any way by the order. Indeed, the dissolution court expressly stated that "Final distribution of the [proceeds] shall be upon final hearing." Appellant's App. at 8. Husband has not shown that the dissolution court abused its discretion or indicated any bias in ordering the proceeds held in trust by Wife's attorney.

**Issue Two: Maintenance**

Husband next contends that the dissolution court abused its discretion when it ordered him to pay Wife $750 per week in maintenance. A trial court has broad discretion to modify a spousal maintenance award, and we will reverse only upon an abuse of that discretion. Mitchell v. Mitchell, 875 N.E.2d 320, 323 (Ind. Ct. App. 2007), trans. denied. An abuse of discretion will be found if the trial court's decision is clearly

6

against the logic and effect of the facts or reasonable inferences to be drawn therefrom. Id.

Here, the evidence shows that Husband's monthly income, including Social Security benefits and salary, is $7,818. And while Wife argued to the dissolution court that Husband's businesses have value, there is no evidence in the record showing what the businesses are worth. Thus, there is no evidence before us of Husband's assets or other income beyond his monthly income as stated above.

Husband's monthly expenses, which include the $750 per week maintenance order, $3,153.54 per month in payments on joint marital debt, estimated income taxes of $1,000 per month, and $218 per month for Wife's health insurance premium, total $7,596.54. These expenses do not include the court's order for Husband to pay the remaining cost of Gross's valuation, and Husband is left with only $221.46 per month to pay for rent, utilities, food, gas, insurance, attorney's fees, and the like. We hold that the dissolution court erred when it ordered Husband to pay Wife $750 per week in maintenance. See, e.g., Pham v. Pham, 650 N.E.2d 1212, 1214 (Ind. Ct. App. 1995) (holding dissolution court abused its discretion when it ordered husband to pay 86% of his income in maintenance to wife). We reverse the dissolution court's maintenance award and remand with instructions to modify the maintenance award taking into account Husband's earnings, living expenses, and other obligations imposed by the court's provisional orders.

**Issue Three:  Order to Pay Valuation Expert**

Finally, Husband contends that the dissolution court abused its discretion when it ordered him to pay "all outstanding fees incurred by Howard Gross to complete his business valuation of all companies operated by Husband in which he has an ownership interest."  Appellant's App. at 8.  In particular, Husband maintains that the order is ambiguous; that the order is inappropriate in that it orders him to pay "an open-ended, undefined" amount of money; and that the evidence shows that he does not have the ability to pay the amount ordered.  Appellant's Brief at 10.  We address each contention in turn.

Indiana Code Section 31-15-10-1 provides in relevant part that a dissolution court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending a dissolution proceeding.  The trial court has broad discretion in making such an award and we will not disturb such an award absent an abuse of that discretion.  Thompson v. Thompson, 696 N.E.2d 80, 84 (Ind. Ct. App. 1998).  When making such an award, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such factors that bear on the reasonableness of the award.  See id.

First, we agree with Husband that the dissolution court's order on this issue is ambiguous to the extent that it requires Husband to pay the "outstanding fees" due to Gross "to complete his business valuation" of Husband's companies.  Appellant's App. at 8.  The only outstanding, or unpaid fees are those due Gross for work he has already

8

completed. The evidence presented at the hearing indicates that the parties currently owe Gross $12,536, but that they will incur additional fees as he completes the valuation.

Second, we agree with Husband that the dissolution court's order appears to require him to pay both outstanding and future fees to complete the valuation of his businesses. Thus, Husband is correct that the dissolution court's order is for an unknown amount. And absent evidence showing what the total amount of Gross's valuation will be, there is no basis to determine whether the order is reasonable based on the resources of the parties, their economic condition, and the value provided by Gross's services. Thompson, 696 N.E.2d at 84. In essence, the dissolution court has ordered Husband to write a blank check to Gross, which is unreasonable. Further, after the total amount of the fees are determined, Husband should have an opportunity to be heard regarding the reasonableness of Gross's fees.

Third, as we discussed in Issue Two, above, the evidence does not show that Husband has the means to pay Gross's fees. Thus, we hold that the dissolution court erred when it ordered Husband to pay both the outstanding and future fees for the valuation. We reverse the dissolution court's order on this issue and remand for further proceedings to determine: the total amount of Gross's fees to complete the valuation; whether Husband has the ability to pay the outstanding and/or future fees once determined; and whether Gross's fees are reasonable.

**CONCLUSION**

The dissolution court did not abuse its discretion when it sua sponte ordered that the proceeds of the marital residence be distributed to Wife's attorney to be held in his

9

trust account pending the final distribution of the marital estate. But the dissolution court erred when it ordered Husband to pay $750 per week in maintenance to Wife. And the dissolution court erred when it ordered Husband to pay both the outstanding and future fees to Gross for completing his valuation of Husband's businesses.

Affirmed in part, reversed in part, and remanded for further proceedings.

BROWN, J., concurs.

VAIDIK, C.J., concurs in part and dissents in part with separate opinion.

_____

# IN THE
# COURT OF APPEALS OF INDIANA

_____

| | | |
|---|---|---|
| RICHARD R. HOGSHIRE, | ) | |
| | ) | |
| Appellant-Petitioner | ) | |
| | ) | |
| vs. | ) | No. 06A01-1309-DR-402 |
| | ) | |
| URSULA HOOVER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

_____

**VAIDIK, Chief Judge, concurring in part and dissenting in part.**

I concur in full with the majority's conclusions regarding the marital-residence proceeds and the trial court's order to pay the valuation expert. I respectfully dissent, however, as to the court's order that Husband pay Wife $750 per week in temporary maintenance.

The trial court's power to award maintenance is wholly within its discretion, and we will reverse only when the decision is clearly against the logic and effect of the facts and circumstances of the case. *Augspurger v. Hudson*, 802 N.E.2d 503, 508 (Ind. Ct. App. 2004) (citation omitted). "The presumption that the trial court correctly applied the

law in making an award of spousal maintenance is one of the strongest presumptions applicable to the consideration of a case on appeal." *Id.*

Wife receives $860 per month in social security. This is her only income. By contrast, Husband's monthly income is approximately $7800. At the preliminary hearing, Wife calculated her monthly expenses to be $7455.42, and she requested approximately $6500 in monthly maintenance. *See* Resp'ts Ex. C. She did not receive nearly that much; with Husband's weekly maintenance obligation of $750 and her social-security income, she receives slightly less than $4000 each month—about $2500 less than she needs to pay her monthly expenses.

By the majority's calculations, once Husband makes his monthly maintenance payment, pays joint marital debts, and pays Wife's health-insurance premium, he has approximately $220 with which to pay his monthly expenses. Slip op. at 7. I admit this is a small amount; however, the dissolution process commonly leaves one or both parties financially humbled—it is the unfortunate reality of divorce. In this case, both Husband and Wife have taken a financial hit. But importantly, this is merely a preliminary order: the trial court has yet to determine the parties' long-term financial obligations.

For these reasons, and given the strong presumption that the trial court acted within its discretion in awarding spousal maintenance, I respectfully dissent as to the trial court's award of temporary maintenance and would affirm the award.

12