ATTORNEY FOR APPELLANT
Derick W. Steele
Kokomo, Indiana

ATTORNEY FOR APPELLEE
Jacob D. Winkler
Kokomo, Indiana

# In the
# Indiana Supreme Court

**FILED**
Oct 01 2014, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

No.  34S04-1410-JP-607

IN RE THE PATERNITY OF D.M.Y., ET AL.,

M.R.,

*Appellant (Respondent below),*

v.

B.Y.,

*Appellee (Petitioner below).*

Appeal from the Howard Circuit Court
No. 34C01-9904-JP-59
The Honorable Lynn Murray, Judge
The Honorable Erik J. May, Juvenile Referee

On Petition to Transfer from the Indiana Court of Appeals, No. 34A04-1310-JP-504

**October 1, 2014**

**Per Curiam.**

We grant transfer and reverse because the record shows that the party obligated to pay child support has not received credit for a substantial sum of money, $7,025.84, seized from his bank account and later paid to the other party as child support.

**Background**

In 1999, the trial court found M.R. ("Father") to be the father of B.Y.'s ("Mother's") two children and ordered that Mother retain custody of the children and that Father pay $146 weekly as child support. On November 16, 2010, the court found Father in arrears in the amount of $21,337, and it ordered that $15,000 in funds attached from Father's bank be released to Mother for child support. The $15,000 was distributed to Mother on November 19, 2010.

Father later filed several motions, including a motion to determine his arrearage. The court held an evidentiary hearing on June 20, 2012. The evidence showed that on June 30, 2011, the State intercepted an additional $7,025.84 from Father's bank account. It showed that sum had been distributed to Mother in early January 2012, and Mother acknowledged having received a deposit of that amount in her bank account.

Also at the hearing, the trial court admitted Petitioner's Exhibit 1, a summary of Father's arrearage *as of December 31, 2011*. Petitioner's Exhibit 1 first calculated the total arrears as $6,483 and then listed the amount in the clerk's "undistributed account" as $7,025.84. Father objected to the admission of Petitioner's Exhibit 1 on the ground that it did not accurately reflect that, as of the time of that hearing, the $7,025.84 had already been distributed to Mother. When the court asked whether Father believed that exhibit was accurate *as of December 31, 2011*, Father's counsel responded, "Yes, and as long as the court puts that note down that as of that date [sic]." (Tr. at 43.) The court then noted it would accept the exhibit "in that context" and admit it with that "caveat for what it is." (Id.) On September 18, 2012, the court issued an order finding Father to be in arrears in the amount of $6,483 (the same amount alleged in Petitioner's Exhibit 1) *as of December 31, 2011*.

Later, Mother moved to have Father held in contempt for failure to pay child support. On July 31, 2013, the court held an evidentiary hearing on Mother's request. At that hearing, Mother introduced an exhibit summarizing her calculation of Father's arrearage to be $13,055 (the $6,483 arrearage through December 31, 2011, plus the additional arrearage of $6,572 that Father

2

had allegedly accumulated by failing to pay child support as ordered from January 1, 2012, through July 29, 2013). That exhibit gave Father credit for having paid child support in the amount of $5,400 from January 1, 2012, through July 29, 2013, but did not include a credit for the $7,025.84. On September 4, 2013, the court issued an order finding Father in indirect contempt for his willful failure to pay child support as ordered, finding him to be in arrears in the amount of $13,055 as of July 29, 2013, and authorizing a wage withholding order.

Father appealed, claiming that the trial court erred when determining his arrearage to be $13,055 as of July 29, 2013. Specifically, he argued that the trial court failed to credit him for the January 2012 distribution of $7,025.84 to Mother. In a memorandum decision, the Court of Appeals rejected Father's argument and affirmed the trial court, over Judge Robb's dissent. In re Paternity of D.M.Y., No. 34A04-1310-JP-504 (Ind. Ct. App. May 15, 2014), *vacated*. We grant transfer to address Father's argument.

**Discussion**

As a preliminary matter, Mother argues Father's appeal should be dismissed or, in the alternative, the trial court's order should be affirmed because Father failed to appeal the September 18, 2012 order. Mother suggests Father could have raised the $7,025.84 credit issue in an appeal of the September 18, 2012 order and his failure to do so waived the issue. We disagree. The September 18, 2012 order found Father's arrearage to be $6,483 *as of December 31, 2011*, a date that preceded distribution of the $7,025.84 to Mother and that preceded the date of the September 18, 2012 order by nearly nine months. In other words, the September 18, 2012 order did not include a finding of the amount of Father's *current* arrearage as of that date and did not address whether Father was receiving credit for the $7,025.84 distribution to Mother.

For an issue covered by the findings of fact, this Court applies a two-tiered standard of review, asking whether the evidence supports the findings and whether the findings support the judgment. Yanoff v. Muncy, 688 N.E.2d 1259, 1262 (Ind. 1997). Here, the trial court found Father to be in arrears in the amount of $13,055 as of July 29, 2013, but its order does not include any subsidiary findings showing how the court reached that figure, and the court's orders

3

do not mention the amount of $7,025.84. It seems the trial court adopted the figure of $13,055 set out in Mother's exhibit at the July 31, 2013 hearing.

Our analysis of the evidence is very similar to the analysis in Judge Robb's dissenting opinion and the calculations provided by Father. Starting with the November 16, 2010 order, Father's arrearage was set at $21,337. From that date until July 29, 2013, Father owed an additional $20,440 ($146 times 140 weeks) in child support. Thus, his total support obligation was $41,777. Amounts of $15,000 and $7,025.84 seized from his bank account were paid as child support, Father himself paid an additional $8,625 to the clerk's office during that period, and the court awarded Father tax credits of $5,389. Therefore, Father's payments and tax credits for the period totaled $36,039.84. Subtracting $36,039.84 from $41,777 leaves $5,737.16. And the difference between $13,055 and $5,737.16 ($7,317.84, which equals $7,025.84 plus two weekly payments of $146) shows the trial court's determination of Father's arrearage as $13,055 failed to credit him for the $7,025.84.

Mother has not provided a comprehensive alternative calculation of the arrearage since the November 16, 2010 order. Instead, she argues we should presume the September 18, 2012 order credited Father for the $7,025.84 because that money was seized from his bank account before December 31, 2011. Assuming without deciding that such a presumption could serve as an analytical starting point, the evidence overcomes it. Petitioner's Exhibit 1, on which the trial court apparently relied in determining Father's arrearage to be $6,483 as of December 31, 2011, included the $15,000 intercepted from Father's bank account and paid to Mother as an "amount paid" and as part of the "arrears calculation," but it did not similarly include the later-intercepted $7,025.84 as an "amount paid" or part of the "arrears calculation" or list it alongside the tax credits given to Father; instead, the exhibit listed the $7,025.84 separately, after the "total arrearage" was calculated and under the separate heading entitled "amount in clerk of court's undistributed account." (Volume of Exhibits, Tab 1 for June 20, 2012 Hr. (capitalization omitted).) Moreover, as set out in the preceding paragraph, the numbers themselves show the trial court's arrearage calculations have not given Father credit for the $7,025.84.

4

**Conclusion**

We reverse the trial court's order and remand for further proceedings, consistent with this opinion, to recalculate Father's arrearage to provide him credit for the $7,025.84 payment.

Rush, C.J., and Dickson, Rucker, David, and Massa, JJ., concur.