# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT G. FORBES**
Forcum & Forbes LLP
Hartford City, Indiana

ATTORNEY FOR APPELLEE:

**CHRIS M. TEAGLE**
Muncie, Indiana

FILED

Jan 22 2015, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRIAN WEIGEL, ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 38A02-1404-DR-280 |
| ) | |
| APRIL WEIGEL, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE JAY CIRCUIT COURT
The Honorable Brian D. Hutchison, Judge
Cause No. 38C01-1302-DR-24

**January 22, 2015**

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Brian Weigel appeals the trial court's valuation of his hoof trimming business upon the dissolution of his marriage to April Weigel.

We affirm.

## ISSUES

Brian presents two issues for our review, which we restate as:

I. Whether the trial court erred in valuing Brian's business.

II. Whether the trial court erred by ordering Brian to pay a portion of April's business valuation fee.

## FACTS AND PROCEDURAL HISTORY

Brian and April were married July 16, 2005. During the marriage, Brian owned and operated a hoof trimming business, called Weigel Hoof Trimming. The parties separated, and on February 5, 2013, April filed a petition for dissolution of marriage. A final hearing was held on March 10, 2014. On March 24, 2014, the trial court issued a decree of dissolution which included the valuation of Brian's hoof trimming business. Brian now appeals.

## DISCUSSION AND DECISION

### I. VALUATION OF BUSINESS

Brian contends that the trial court erred by admitting the testimony of April's expert witness, that the trial court improperly valued his hoof trimming business by including his personal goodwill in the value, and that the trial court's finding that he did not present

evidence of a valuation of the business is not supported by the evidence. We will address each argument in turn.

## A. Testimony of Expert Witness

At the final hearing, April called Tyson Stuckey, a certified public accountant and certified evaluation analyst, to testify as to his valuations of Weigel Hoof Trimming. Brian argues that the trial court erred by admitting Stuckey's testimony and valuation report. He asserts that Stuckey's opinion as to the value of the business includes personal goodwill, making the opinion irrelevant and inadmissible because personal goodwill must be excluded from the value of a business in a marriage dissolution.

The decision to admit or exclude evidence lies within the sound discretion of the trial court, and we will not disturb the trial court's decision absent a showing of an abuse of that discretion. *Strack and Van Til, Inc. v. Carter*, 803 N.E.2d 666, 670 (Ind. Ct. App. 2004). The threshold for relevance is low. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Ind. Evidence Rule 401. Evidence of value is relevant to the determination of the value of an asset. Here, Stuckey's opinion as to the value of Weigel Hoof Trimming, which value may include personal goodwill, was clearly relevant to the issues involved in this case where a business is being valued for purposes of a dissolution of marriage. Evidence of the personal goodwill value of a business is properly considered in a dissolution action for purposes of Indiana Code §31-15-7-5(5) but is not itself marital property and thus not subject to division. *Yoon v. Yoon*, 711 N.E.2d 1265, 1272 (Ind. 1999).

3

The trial court did not abuse its discretion in admitting Stuckey's testimony.

## B. Valuation of Business

As his second allegation of error concerning the valuation of Weigel Hoof Trimming, Brian argues that the trial court's finding as to the valuation of his business is erroneous because the value includes an amount representing his personal goodwill.  In its decree, the trial court determined:

> [Brian]'s hoof trimming business is a marital asset.  [April]'s expert has indicated that, depending on the valuation strategy employed, the business is worth between $45,300.00 and $184,000.00.  The Court finds that, due to the fact that a significant portion of the business value is generated by the personal good will of [Brian], the lesser of the two valuations is more appropriate in this cause and the Court adopts said value herein.  [Brian] did not present any evidence of a different valuation.

Appellant's App. pp. 11-12.

When the trial court enters findings of fact and conclusions of law, we apply a two-tiered standard of review by first determining whether the evidence supports the findings and then whether the findings support the judgment.  *In Re D.M.Y.*, 17 N.E.3d 272, 274 (Ind. 2014).  The trial court's findings and conclusions will be set aside only if they are clearly erroneous.  *Fischer v. Heymann*, 12 N.E.3d 867, 870 (Ind. 2014).  Findings of fact are clearly erroneous when the record lacks facts to support them either directly or inferentially.  *Id.*  We neither reweigh the evidence nor assess witness credibility.  *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).  We consider only the evidence and reasonable inferences drawn therefrom that support the findings.  *Id.*

Further, we review a trial court's valuation of an asset in a marriage dissolution for an abuse of discretion.  *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996).  There is no

4

abuse of discretion where sufficient evidence and reasonable inferences support the trial court's valuation. *Bingley v. Bingley*, 935 N.E.2d 152, 154 (Ind. 2010). Further, it is a factual issue to what extent, if any, the goodwill of a business is personal goodwill, which is not a marital asset, and to what extent it is enterprise goodwill, which is a divisible marital asset. *Yoon*, 711 N.E.2d at 1270.

At the final hearing, Stuckey testified that he performed valuations of Weigel Hoof Trimming using both an income analysis and a market analysis. Under the income approach, he valued the business at $184,000. Tr. p. 20. Using the market approach, he valued the business at $45,300. *Id.* at 21. Stuckey further testified that although goodwill can be a component in both methods of valuation, he did not perform a breakdown and was not aware of what the breakdown would be between enterprise goodwill and personal goodwill in his valuations, and he provided no goodwill values at all. He also testified that he was not aware of any particular value associated with the specific person that performs the hoof trimming in this case (i.e., personal goodwill). In addition, the trial court heard evidence from Brian that Weigel Hoof Trimming has no value other than the assets and that the assets had debt associated with them.

Brian argues that Stuckey's testimony shows there is a personal goodwill component in his appraisals which the trial court improperly failed to exclude from its valuation. Actually, Stuckey testified there can be a goodwill component in the type of valuations he performed, but he gave no indication if the goodwill was entirely enterprise goodwill, entirely personal goodwill, or a combination of both. Further, if the goodwill were a combination of enterprise and personal, he did not state what portion would be

5

attributable to each type. Brian offered no evidence of an amount or percentage of the business value attributable to personal goodwill. Thus, there was no evidence submitted to the trial court that any of the valuations of Weigel Hoof Trimming were composed of any value attributable to Brian's personal goodwill, and, accordingly, no evidence whatsoever as to what such a value might be. "The trial court cannot be expected to exclude personal goodwill from the valuation of a business without any evidence of what would constitute the excludable personal goodwill aspects of the business or any evidence of the value of alleged personal goodwill. The burden of proving the value of marital assets is, and should be, on the parties to the dissolution." *Houchens v. Boschert*, 758 N.E.2d 585, 588 (Ind. Ct. App. 2001), *trans. denied.* Therefore, no remand is required for reconsideration of the valuation of Weigel Hoof Trimming. *See Balicki v. Balicki*, 837 N.E.2d 532, 536-37 (Ind. Ct. App. 2005) (holding that no remand required where there was no evidence by any appraiser as to value of any personal goodwill in business), *trans. denied*, and *Houchens*, 758 N.E.2d at 588-89 (declining to remand for reconsideration of issue of personal goodwill in business where parties failed to present evidence to trial court regarding value of any such goodwill).

Because the parties presented no evidence of either the existence of personal goodwill or a value associated with personal goodwill in the business, the evidence does not support the trial court's finding that "a significant portion of the business value is generated by the personal good will of [Brian]." Appellant's App. p. 12. However, this error is harmless. The evidence, in the form of Stuckey's expert testimony, supports the portion of the court's finding that assigns a value of $45,300 to Weigel Hoof Trimming.

There is no abuse of discretion where the trial court's valuation is within the range of values supported by the evidence. *Balicki*, 837 N.E.2d at 536. Moreover, the trial court did not use its finding concerning Brian's personal goodwill as a basis for any other finding or for any of its conclusions. A finding of fact is not prejudicial to a party unless it directly supports a conclusion. *In Re B.J.*, 879 N.E.2d 7, 20 (Ind. Ct. App. 2008), *trans. denied*. Thus, the erroneous portion of the court's finding regarding Brian's personal goodwill is harmless surplusage and, consequently, is not grounds for reversal.

## C. Lack of Evidence

Finally, Brian asserts that the trial court's finding that he did not present evidence of a valuation of Weigel Hoof Trimming is not supported by the evidence. Brian essentially testified at the final hearing that his business has a negative value. He stated that the business has no value other than the assets, which have debt associated with them. In its findings, the trial court stated that Brian did not present any evidence of a valuation different from those submitted by April's expert. The court's statement that "[Brian] did not present any evidence of a different valuation" came in the context of the court's finding that a "significant portion of the business value is generated by the personal good will of [Brian]" in support of its choice of the lesser of the two values from Stuckey. Appellant's App. p. 12. The statement could be taken to mean that Brian did not present any evidence of a different valuation of personal goodwill. In that sense, the court's statement is correct. Brian offered no evidence as to what portion of any value was attributable to personal goodwill. Taken in a more literal sense, the court's finding was incorrect, as Brian did testify that the business had no value beyond that of the physical equipment. While the

7

court's finding is not supported by the evidence, it does not serve as a basis for any other finding or for any of the court's conclusions, and therefore is not prejudicial to Brian. *See In Re B.J.*, 879 N.E.2d at 20. Moreover, the valuation selected by the trial court was within the range of values supported by the evidence. *See Balicki*, 837 N.E.2d at 536. Thus, any error is harmless, and we find no abuse of discretion.

## II. BUSINESS VALUATION FEE

Brian claims that he should not be required to pay a portion of Stuckey's fee for his business valuation and related court testimony. Particularly, he bases this assertion upon his argument that the trial court improperly admitted Stuckey's testimony into evidence.

Pursuant to Indiana Code section 31-15-10-1(a) (1997), the court may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending a dissolution proceeding. The trial court has broad discretion in making such an award under this statute, and we will not disturb the trial court's decision absent an abuse of that discretion. *Thompson v. Thompson*, 696 N.E.2d 80, 84 (Ind. Ct. App. 1998). When making such an award, the trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such factors that bear on the reasonableness of the award. *Id.*

Here, Brian mentions April's higher income but primarily bases his claim on his allegation that the business valuation was improper and was erroneously admitted as discussed in Issue I., A., above. As we determined, the trial court did not abuse its discretion in admitting Stuckey's testimony as to his valuations of Weigel Hoof Trimming. Further, the trial court was well aware of the parties' respective incomes and other relevant

8

circumstances. Given the broad discretion of the trial court in making such awards, we conclude that the trial court did not abuse its discretion by ordering Brian to share in the cost of obtaining a valuation of the business and the corresponding testimony at the final hearing.

## CONCLUSION

For the reasons stated, we conclude that the trial court neither abused its discretion in valuing the hoof trimming business nor in ordering Brian to pay a portion of the expert's fee for valuation of the business and presentation of testimony at the final hearing.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.